Opinion of the court by
Judge Emmerson.
The question to be decided in this cause, is, whether a paper signed and sealed while blank, on which, (pursuant to the directions of the party sealing it, given at the time of signature) abond for keeping the prison bounds is afterwards written, be the deed of the party without any subsequent delivery or recognition.
Deeds are evidence of a higher nature than parol contracts, and there are great and important distinctions between the operation and effect of these different species of contracts. The reason of which is that, the first are supposed to be made upon greater deliberation and with greater solemnity; they are first to be written,by which they are exempted from that uncertainty arising from the imperfection of memory, to which unwritten contracts must always be exposed; they are then to be sealed by the party to be bound, and lastly, to be delivered by him which is the consummation of his resolution; none of this *70 deliberation, and little of this solemnity is to be found in the signing and sealing of a blank piece of paper, on which any thing may afterwards be written, and whether with or without the consent of the person who signed it, . must depend entirely on oral testimony, subject not only to the uncertainty arising from the imperfection of human memory, but exempted from those checks on perjury, which would exist in the case of a deed regularly executed, which could only be altered by erasure or interlineation. vid. 4 Corny. Dig. 157. Plowd. 308. Co. Lit. 171.
The case referred to in support of the bond in 5th Mass. 538, is far from supporting the position contended for by the defendant in error. The court in this case decide, that the filling a blank in the bond with the name of the obligor will not vitiate it, and they intimate that the filling the blank was unnecessary, and that the bond would have been good without it, which is believed to be correct; but neither the point decided, nor the reasoning of the court justify a belief, that if the bond had been wholly written after the signature and delivery, that it would have been supported.
- But it is said that it has become a very common practice for clerks, sheriffs and other officers to take bonds in this way. If such a practice had generally prevailed and no injurious consequences were to be apprehended from its continuance, it might perhaps be countenanced; but it is not only an illegal but a dangerous practice, and there will not be a more favorable time to correct it than the present. All officers, and especially those concerned in the administration of justice, would do well to perform their duties in the manner which the law has prescribed, instead of endeavoring to discover one more convenient and eligible in their opinion; — by so doing much litigation would be prevented, much unnecessary consumption of the time of the courts avoided, and the officers themselves exempted from liabilities to which they will be always otherwise exposed.
The judgment must be reversed and judgment entered for the plaintiff in error. Judgment reversed.