## CHITTENDEN COUNTY.

## JANUARY TERM, 1834.

PRESENT, HON. SAMUEL S. PHELPS,               
"     JACOB COLLAMER,   } *Assistant Justices.*
"     JOHN MATTOCKS,

CHITTENDEN
*January,*
1834.

### DENTON & SMITH vs. CHARLES ADAMS.

The High Bailiff has power, when the Sheriff is committed to jail on execution, to take of him a jail bond for the liberties of the prison, and on breach thereof, to assign the same to the creditor.

In an action on a bond, the words "*writing obligatory*" imply signing and sealing, and are sufficient.

A variance between the bond and declaration cannot be reached by demurrer, unless it be first spread on the record by oyer.

This was an action of debt, brought by the plaintiffs as the assignees of Ezbon Sanford, on a jail bond, given by the defendant for Roswell Butler. Butler, while sheriff of Chittenden county, was committed to jail on an execution in favor of the plaintiffs; and on that occasion Sanford, being high bailiff, admitted Butler to the liberties of the prison, and took the bond in question. Butler having departed the liberties, Sanford assigned the bond to the plaintiffs, who commenced this suit—Butler having since deceased. There was a general demurrer to the declaration; and judgment having passed for the plaintiffs, the cause came, by exceptions, to this court.

*Adams, pro se.,* Insisted—1, The high bailiff is not authorized, by law, to take a bond from the *sheriff*—2, It is not stated in the declaration that the obligation declared on was either signed or sealed—3, There is a variance between the declaration and the bond—4, A bond to the

CHITTENDEN,
January,
1834.

Denton & al.
vs.
Adams.

·sheriff or his successor in office is not good—5, The high bailiff, on the sheriff's imprisonment, becomes *sheriff*, and the bond should have been so taken.

*Marsh & Griswold*, for plaintiffs, replied.

The opinion of the Court was pronounced by

COLLAMER, J.—In this case there is a general demurrer to the declaration. There is no oyer, and therefore the question of variance is not on the record. The first question is, has the high bailiff power, by the statute, when the sheriff is committed to jail, to take of him a jail bond, and if so, how must the same be taken and assigned?

The statute (page 105) provides, "And when any writ " or process, issuing from proper authority, shall be direct- " ed to the said high bailiff against the sheriff of the coun- " ty, it shall and may be lawful for the said high bailiff to " take and confine in jail, in the same county, the body of " any such sheriff of the county. And while such sheriff " shall be confined, on any such process, or in case it shall " so happen that the office of sheriff shall become vacant " by death, removal, or in any other way, the high bailiff " shall have all the powers of the sheriff in keeping the " peace, suppressing riots, serving writs, precepts and oth- " er processes; and shall have the same power in safe-keep- " ing the jail, *admitting to bail, and of assigning jail bonds,* " as the sheriff of the county has by law, until such sher- " iff shall be released from such confinement," &c.

The powers of the sheriff are entirely suspended immediately on his commitment, and these powers inure to the high bailiff, who has the same power to take a jail bond from this prisoner as from any other, and to assign the same. The statute of 1806 (page 206) on this subject most clearly views this in the same light, and goes on to provide that this power of the high bailiff shall continue while the sheriff remains within the *liberties* of the prison, which *liberties* he could not have had without giving bond.

This bond, as alleged in the declaration, was taken to Sanford, his executors, administrators and assigns. Whether *successors* are therein mentioned, is not of record, and therefore not in the case. The bond was correctly taken. The high bailiff does not become sheriff. They are not

CHITTENDEN,
January,
1834.

Denton & al.
vs.
Adams.

*successors* to each other. When the sheriff is imprisoned, or dies, his powers inure to the high bailiff as such. Each must appoint his own deputies, assign and discharge his own bonds.

One other question arises on this demurrer. The declaration does not, in terms, allege that the bond was signed and sealed, but it declares on the defendant's "*writing obligatory.*" This term in law implies a deed, and includes sealing. This is so holden by Sargeant Williams, in his notes to Saunders' Rep. vol. 1, p. 291, and approved by Chitty, vol. 1, p. 348 and 360.

Judgment affirmed.