## Commonwealth *against* Rainey.

The proviso contained in the 4th section of the Act of 1803, which limits the liability of a sheriff's sureties to five years, is not altered or supplied by the Act of 1834.

If a cautionary judgment be obtained against a sheriff and his sureties for the amount of the penalty of his official bond, within five years, a *scire facias* upon that judgment, issued after the five years have elapsed, by one who was a stranger to the first judgment, will not entitle him to recover against the sureties.

ERROR to the Common Pleas of *Cambria* county.

The Commonwealth for the use of S. and J. Moore against William Rainey, Peter M'Guire, Michael M'Guire, and John Rainey. This was a *scire facias* upon a judgment at the suit of the Commonwealth against the defendants, in which the parties stated the following facts as a special verdict:

In the year 1834, William Rainey was elected High Sheriff of Cambria county, and on the 29th of November 1834, entered into a bond in the usual form, in the penal sum of $8000, with Peter M'Guire, Michael M'Guire, and John Rainey, as his sureties in said bond, which was recorded same day. On the 25th of July 1836, a writ of *fieri facias* issued out of the Common Pleas of Cambria county, at the suit of Philip Noon, Esq., for the use of S. and J. Moore against John Kean, for a debt of $61.79, which was placed in the hands of said William Rainey, sheriff, to be by him executed in due form of law. On the 30th of March 1838, the said William Rainey, sheriff, returned the said writ of *fieri facias* "money made." On the 10th of July 1838, a suit was instituted on the said bond against the said William Rainey, Peter M'Guire, Michael M'Guire, and John Rainey, at the instance of Spier and Graham, for the use of Nathan M. Chaffer; and on the 4th of April 1839, judgment was rendered for the penalty of the said bond, viz: $8000, in favour of the Commonwealth against the said William Rainey, Peter M'Guire, Michael M'Guire, and John Rainey. On the 14th of December 1839, this suit was instituted by S. and J. Moore, by writ of *scire facias*, on the judgment last aforesaid, against the said William Rainey, Peter M'Guire, Michael M'Guire, and John Rainey, to recover from them the said debt of $61.79, collected by the said William Rainey, sheriff, on the said writ of *fieri facias*, in favour of Philip Noon, Esq., for the use of S. and J. Moore against John Kean. If, from the above facts, the court shall be of opinion that the plaintiffs are entitled to recover, then judgment to be entered in their favour for the sum of $86.63. But if the court shall be of opinion that the plaintiffs are not entitled to recover, judgment to be entered in favour of defendants.

[Commonwealth v. Rainey.]

The court below, (White, President), rendered a judgment for the defendants.

*Magehan,* for plaintiff in error. The Act of 1834 is a system of itself, and supplies the Act of 1803: it does not contain, and seems purposely to omit the provision contained in the 4th section of the Act of 1803, which limits the liability of sureties to five years. But if the proviso in the Act of 1803 be still in force, the judgment on the official bond of the sheriff is made cautionary, for all persons whom it may concern, by the Act of 1836. *Purd. Dig.* Title " Official Bonds." This *scire facias* was therefore but a continuance of the proceeding instituted within the five years.

*Banks, contra,* argued that the proviso contained in the 4th section of the Act of 1803 was neither altered nor supplied by the Act of 1834. This *scire facias* is, as to the present plaintiffs, an original proceeding; they were strangers to the action upon the official bond, and ought to derive no advantage from that which in no sense belonged to them. The suit, at the instance of one plaintiff, gave no notice to the sureties of a claim in favour of another; and the reason of the law, which limits the liability of sureties, is, that they may have notice within a reasonable time, to afford them an opportunity to save themselves.

PER CURIAM.—The Limitation in the Act of 1803, is neither altered nor supplied, and it certainly is not expressly repealed. But the legislature has changed the method of proceeding in actions on official bonds; and what then? It follows not that there was a design to repeal the limitation in favour of sheriff's sureties. The first judgment is cautionary for those who come afterwards, but it does not necessarily supersede the limitation which was applicable to separate actions, when every injured party sued for himself. The proviso which contained the limitation in the Act of 1803 was, " that such suit or suits against such sureties shall not be sustained unless the same be instituted within five years after the date of the obligation or recognizance;" and hence an argument, that if the suit, which is the basis of every subsequent proceeding, is in time, every subsequent proceeding must be so also. But a suggestion or *scire facias* on a judgment may be considered as a new suit. A *scire facias* is sometimes called so in terms; and the suggestion of a distinct cause of action by a third person, is the legal demand of a right, and within the spirit, if not within the letter of the proviso. We must remember that these revised statutes which made extensive changes in the arrangement of the laws, necessarily left much to be adjusted by the courts; and we are consequently bound to preserve every provision which has not been expressly or necessarily repealed. The oppression that was once felt by reason of the interminable responsibility of

sheriffs' sureties would be felt again, and we cannot think there was any design to restore it. If the intention was to repeal the proviso of 1803, it ought to have been declared; but no more is said to be repealed than is altered or supplied, and this proviso has neither been re-enacted nor modified. The limitation consequently remains in force.

Judgment affirmed.