## McKEEHAN *v.* COMMONWEALTH.

3   151
34 SC ¹429

Statutes of limitations do not extend to the Commonwealth; and this rule applies as well to personal actions against a surety on an official bond, as to entries on land, and similar cases, unless the Commonwealth be expressly named and her rights thereby waived.

A judgment in the name of a treasurer for the use of the Commonwealth, is substantially a judgment for the Commonwealth; and is exempted from the operation of the statute limiting the period for which a judgment shall continue a lien on lands.

Error to Common Pleas of Cumberland county.

*June* 9. This was a case stated for the opinion of the court below, on the following facts agreed upon by the parties:

George Fleming was duly appointed and commissioned by the governor of Pennsylvania, to the office of prothonotary of Cumberland county, on the 23d December, 1835; and on the 28th of the same month, he, with John McKeehan and Ephraim Bosserman as his securities, executed a bond to the Commonwealth, in the penalty of

$9500, conditioned for the faithful performance of the duties of said office, &c. ; which said bond was considered a part of this special verdict as if incorporated into it.

George Fleming entered upon, and performed the duties of said office, from the 28th December, 1835, to the 22d January, 1839; and during that period received a large amount of fees, due and payable to the Commonwealth, in pursuance of the act of Assembly of the 6th April, 1830, to wit: from the 28th December, 1835, to the 1st September, 1836, he received for the Commonwealth $191 50, of which he returned to the auditor-general an account on oath on the 7th October, 1836 : from the 1st September, 1836, to the 31st August, 1837, he received from the Commonwealth $250, of which he returned to the auditor-general an account on oath on the       December, 1837: from the 31st August, 1837, to the 31st August, 1838, he received for the Commonwealth $222 75, of which he returned to the auditor-general an account on oath on the 23d of January, 1839 : from the 1st September, 1838, till the 22d January, 1839, he received for the Commonwealth $72 75, of which he returned no account. Which said several accounts were approved and settled by the auditor-general and state treasurer, except the last, as per certificate thereof, which is also considered a part of this verdict. The Commonwealth claims to recover the said several amounts, with interest, and brought this suit therefor, on the 12th of February, 1845.

On the trial, the defendant raised the following points :

1. Can the Commonwealth recover against sureties, without evidence that the bond was approved by two judges of the court and the governor, agreeably to the act of 1834 ?

2. Does the act of 1798, limiting suits against sureties in official bonds to seven years from the time when cause of action accrued, extend to the Commonwealth ?

The court (HEPBURN, President) gave judgment for the Commonwealth, the plaintiff below, for the following reasons :

" Young et al. v. The Commonwealth, 6 Bin. 88, 92, is decisive against the defendant, on his first ground of defence, and settles the law that the bond is perfectly good against the maker; though not approved by the governor and judges, as directed by the 76th section of the act of 14th of April, 1834.

" The second branch of defence, that of limitation, under the provisions of the act of the 4th of April, 1798, we think alike untenable. The language of that law confines the limitation to a ' person or persons,' as distinguished from the Commonwealth ; and the whole

reasoning of Chief Justice Gibson in The Commonwealth v. Baldwin, 1 Watts, 54, 55, 56, upon a statute not so restricted in its terms as that of 1798, is conclusive against the position assumed as an available defence to an action like the present."

Whereupon McKeehan, the defendant, removed the record to this court, and assigned the following error:

The court erred in rendering judgment for the plaintiff, including the sums payable prior to, as well as that of the 31st of August, 1837; they having been due and payable more than seven years.

*Watts*, for plaintiff in error.

*Graham*, contrà.

*June* 16. SERGEANT, J.—In The Commonwealth v. Baldwin, 1 Watts, 54, the point was fully investigated, and it was there held to be a settled principle, that the statutes of limitation do not extend to the Commonwealth, whether it be in the case of a personal action against a surety on an official bond, or entries on land, or like cases, unless the Commonwealth is expressly named, and her rights thereby waived; and it was decided that judgment in the name of the treasurer, for use of the Commonwealth, is substantially a judgment for the Commonwealth, so as to exempt it from the operation of a statute limiting the period for which a judgment shall continue a lien. The same principle was applied in Ramsey's Appeal, 4 Watts, 71, and not contested.

In addition, it may be remarked, that the 4th section of the act of April 4, 1798, under which the question arises, uses the words, "person or persons" having a cause of action, which could only by construction be extended to the Commonwealth; and, moreover, orders double costs in cases of nonsuit or judgment against the plaintiff, whereas the Commonwealth pays no costs.

Judgment affirmed.