## GLOVER v. WILSON.

Action lies by the late county commissioners, who were the obligees in a bond by a collector of taxes, as security for the payment of the amount of his duplicate.

A condition in such bond, that the collector shall pay into the county treasury the amount of his duplicate, deducting commissions, is not greater than is imposed by law.

A surety is liable, in such action, for the state taxes included in the duplicate.

Interest is recoverable from a reasonable time after the collector became liable.

Where a bond was given as a security by a collector of taxes, and his liability on the bond for the county rates has been barred by the statute of limitations, but that for state taxes remains, under a general plea of the statute, he and his sureties are liable for both county and state taxes.

In error from the Common Pleas of Union county.

*July* 23. Debt against a surety of a collector of taxes by the obligees, who were the late county commissioners, to the use of the county. The condition of the bond was, that the collector should pay into the county treasury the amount of his duplicate for the year 1835, deducting his commissions, and "should perform the duties appertaining to him, in the office of collector, for said year."

The pleas were payment and the statute of limitations.

The defendant objected to the bond being read, because the suit should have been in the name of the present county commissioners, the bond having been given to these commissioners and their successors.

He further objected to evidence of the state taxes contained in the duplicate.

His other points were, that the style of the suit was not in accordance with the act of Assembly; the condition of the bond imposed a greater burden than was lawful; that state taxes could not be recovered; the plea of the statute, the bond being given in 1835, and the suit brought in 1843; that interest could not be re-covered. On this, his honour, WILSON, P. J., directed the jury,

that they might allow interest from a reasonable time after the collector became liable.

*Slenker*, for plaintiff in error.—The county being entitled to sue by the act of 1834, sec. 4, the action should have been in the corporate name : Wilson *v.* Commissioners, 7 Watts & Serg. 197 ; they being the beneficiaries : 1 Barr, 334. The county not being liable for state taxes until the act of 1844, could not recover in this action. The statute of limitations was a bar ; since no suit lies against sureties for public officers after seven years, by the act of 1798. There can be no doubt a collector is within this rule. In Owings *v.* Commonwealth, 8 Serg. & Rawle, 530, a constable is so considered ; and in Lewisburg *v.* Augusta, 2 Watts & Serg. 65 ; 5 Ohio, 216 ; 17 Serg. & Rawle, 233.

*Miller*, contrà.—The suit was rightly in the name of the obligees, and the bond was well taken in the names of the commissioners, since it was optional with them to dispense with the security by the act of 1835, sec. 1. Besides, the pleas admitted all this : 4 Watts & Serg. 570. The Commonwealth is not within the statute : Bagley *v.* Wallace, 16 Serg. & Rawle, 248 ; and the defendant should have severed his plea of the statute so as to cover the amount due the county ; but going to the whole action, and being bad in part, it was bad *in toto*.

*July* 27. BELL, J.—A glance at the system devised, from time to time, by our legislature, for the assessment and collection of taxes for the use of the Commonwealth, levied upon real and personal estate, will show that from the beginning, one feature of its policy has been the application of the machinery used in the several counties of the state for ascertaining, collecting and securing rates and levies for county purposes. In both cases the same agents are employed, who act under the same rules, and the amount of state tax, thus ascertained, is to be collected in like manner as county rates and levies, subject, in all respects, to the same regulations and the like compensation to collectors, and to be paid into the county treasury with the county rates and levies. Some additional provisions have been engrafted upon the system since the execution of the bond which is the subject of this suit ; but none of these interfere to mar the general design I have just adverted to. To secure the fidelity of the township collectors in the execution of their offices, the county commissioners are authorized by law, to require them to give bond with sufficient sureties, and in pursuance of this

authority duly exercised, the bond in which the defendant below is
a surety, was exacted and given.    Though, in the court below, an
objection was made to the form of its condition as transcending the
requirements of the statute, it has not been insisted on here, as in-
deed it could not, with any reasonable hope of success.    The terms
of this condition are no more than commensurate with the duties
imposed by law on the officer, one of which is the punctual payment
into the county treasury of the amount of state and county tax in-
trusted to him for collection.  That this was done by the defendant's
principal is not averred; his delinquency is admitted, but the de-
fendant insists, he is not liable to answer for it in this action on
several grounds, the first of which is, that the suit is improperly brought
in the names of the plaintiffs below, as late commissioners of Union
county.  It is true, the act of 15th April, 1834, confers on counties
and townships the capacity of bodies corporate, and provides, that
they may sue and be sued by their corporate name: a direction
which must be observed in any action brought against a county or
township ; Wilson v. Commissioners of Huntingdon county, 7 Watts
& Serg. 197; and in actions brought directly by these corporations.
But here the bond sued on was not taken in the corporate name.
It is not pretended it is void for that reason, and action on a deed
can only be in the names of the parties to it.    What then is to be
done in a case like the present ?    Precisely what has been done, by
bringing suit in the name of the obligees, which will enure to the
use of those having the beneficial interest.  It is not necessary that
the names of these should appear of record ; but if it were, it is
sufficiently apparent in the present instance, that any judgment re-
covered is for the benefit of the Commonwealth and of Union
county.    This remark is a sufficient answer to the subordinate ob-
jection that the state cannot, in this action, recover through the
late commissioners the amount of taxes collected for her use; for,
though the county is to be the first recipient, she is but a trustee
of the state, whose agent she is for this purpose.    But is not the
defendant precluded, by his pleas, from objecting to the form of the
action ?  There is no general issue plea.  The plea of payment con-
fesses the original cause of action as set out in the declaration ;
Hamilton v. Moore, 4 Watts & Serg. 570 ; and the plea of the
statute but seeks to avoid it on subsequent grounds collateral to it.
We are of opinion that for these reasons, it does not lie in the
mouth of the defendant below to object to the form of the action.
This brings us to an examination of the second ground of defence,
supposed to spring from the act of April 4, 1798, which prohibits

suits, after the expiration of the term of seven years, to be computed from the time at which the cause of action accrued, against sureties in any bonds or recognisances thereafter given and entered into for any public officer. As against the county alone, we think the plea of the statute would be an effective bar; for a collector of public taxes is a public officer, and as the cause of action upon this bond accrued at the end of three months from the delivery of the tax duplicate to him, more than seven years had elapsed before the commencement of this action. But the county is not the only party beneficially interested in the bond. As we have seen, the Commonwealth has also an equitable title to the security afforded by it, and an interest in the action instituted upon it. Now it is settled that on grounds of public policy, statutes of limitations do not extend to the Commonwealth, unless she be expressly named and her rights waived; and this, whether it be in the case of a personal action against a surety in an official bond, or entries on land, or other like cases; and in personal actions, it matters not whether the suit be in the name of the Commonwealth, or in the name of some person for her use; for it is not the form of the action which is to govern the operation of the statute: Commonwealth v. Baldwin, 1 Watts, 54; Ramsey's Appeal, 4 Watts, 71; McKeehan v. the Commonwealth, 3 Barr, 151. Nor does it, I conceive, make any difference that another party may also be interested in the security taken in part for the use of the state; for this cannot affect her rights, which are always paramount to private considerations. If the mingling of her interests with those of another person, natural or artificial, may work an injury to the party who assumes the burden of securing them, it is either a necessary incident to his position, or a folly in him to assume it unnecessarily. In a case like the present, perhaps, the law does not contemplate that a collector of taxes should give distinct bonds to secure the payment, respectively, of the state and county tax, since both are, in the first instance, to be paid into the county treasury, and therefore, an unforeseen consequence may be the result, or perhaps by proper pleading the defendant might compel the plaintiff in a suit on such bond to set out how much remained due of the amount levied for county purposes, and how much to the state, so as to enable him to plead the statute effectively as against a portion of the claim. But this has not been done here. The amount proceeded for and defended against, is a gross amount, part of which, at least, belongs to the Commonwealth. The immunities which pertain to her, must, therefore, be permitted to cover the whole sum, rather than the public

interest should be subjected to detriment, which might affect her pecuniary interests very seriously.  Limitations of actions is a defence given by positive law; and a party, who sets it up, must bring his case within the provisions of the law.  In this the defendant has failed; and consequently his defence on this ground must fail.

The instructions given to the jury on the subject of interest were right enough; and there is nothing in any of the remaining points that calls for particular notice.

Judgment affirmed.