## Township of Rush *versus* Schuylkill County.

1. Where the county commissioners in pursuance of the provisions of the Act of March 13th 1815, section 5, Pamph. L. 177, bid in lands sold at treasurer's sale for non-payment of taxes, and subsequently, said lands not being redeemed within five years, said commissioners sell the same in pursuance of the provisions of the Act of March 29th 1824, Pamph. L. 167, the county must, where the proceeds of sale are sufficient, pay to the township in which such lands are situate all road tax due thereon at the time of the treasurer's sale, and which has since accrued.

2. If the proceeds be insufficient to pay such road taxes, and also the county taxes in arrears, no preference is given to either, and the county is liable to pay to the township its proportional part of said proceeds, on account of the road taxes accrued as aforesaid.

3. The road taxes, in such case, become due from the county at the date of the commissioners' sale, not the treasurer's, and the statute of limitations is not a bar to the recovery of said taxes where suit is instituted within six years from the commissioners' sale.

4. Where the parties to a case stated neglect to ascertain the sum for which judgment is to be entered in the event of an opinion favorable to the plaintiff, it is the duty of the court to refuse to proceed to the argument until the case is perfected, and if the parties refuse to amend, to set aside the case stated.

April 17th 1882. Before SHARSWOOD, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. MERCUR, J., absent.

ERROR to the court of Common Pleas of *Schuylkill county :* Of Jury Term 1881, No. 113.

Case stated, wherein the township of Rush was plaintiff and the County of Schuylkill defendant, setting forth the following facts :

1. At sundry times the treasurer of said county, in pursuance to law, offered at public sale sundry pieces of land situate in Rush township, for the non-payment of state, county, road and school taxes, or either of them, assessed against said lands, and sold the same to commissioners of said county, who bought the same in the manner required by law, having bid the amount of the several taxes for which the same was then sold, together with the costs of said sale, but did not then pay, nor have they since paid any of the said bid except the amount of costs aforesaid.

2. That afterwards, the period fixed by law for the redemption of said lands by the owners thereof having expired, the same not having been redeemed, the said commissioner offered said lands at public sale pursuant to law and sold the same for the best price which was bidden therefor, which purchase

money was paid to the said county by the said purchasers, and the deeds delivered to said purchasers conveying to them all the title acquired by the said county in said lands by the said sale to the said county, by the county treasurer.

4. That the said county has hitherto failed to pay to the said township of Rush any sums of money on account of said road taxes for which said lands were sold at said treasurer's sale or on account of those road taxes charged against said lands subsequent to said treasurer's sale and prior to the commissioner's sale.

5. That on or about each of the following dates, to wit: July 8th 1864, November 5th 1865, August 27th 1866, November 5th 1867, August 3rd 1868, August 2nd 1870, August 30th 1872, August 13th 1874, August 2nd 1876, and November 6th 1878, the treasurer of said township demanded of said county the sum then due by said county to said township for all the road taxes for which the said county was then liable to pay to said township, and that the treasurer of said county, in pursuance of said several demands, made to said township treasurer at each of said dates or thereabouts, a statement or certificate of the sums so due and thereupon paid to said treasurer of said township the sums as stated, but that the said county treasurer did not include in either of said statements or certificates any of the sums set out in the schedule "A" hereto annexed.    .    .    . None of the treasurers or other officers of said township had any knowledge of the payment to said county of any of the sums set forth in Schedule "A" until on or after 1st January, 1879.

Should the said court be of opinion that the said county is liable to pay to said township the amount of said road taxes for which the county treasurer sold said lands, and the road taxes which accrued thereafter and before the said commissioners' sale, then it is agreed that the court shall enter judgment in favor of said plaintiff and against said defendant for the amount of road tax so found to be due.

And should the said court be of opinion that the county is liable to pay to said township its proportion only of the net proceeds of said commissioners' sale, then the court shall enter judgment in favor of the plaintiff and against the defendant for such proportionate amount of said net proceeds as shall be found by the court to belong to said plaintiff.

And should the said court be of opinion that the county is entitled to payment out of the proceeds of said commissioners' sale of the whole amount of county tax then due, before appropriating any of such proceeds to other taxes due on said lands, then the court shall enter judgment in favor of said plaintiff and against defendant for such proportionate share of the

balance remaining after deducting said county tax, as the court shall find belongs to said plaintiff.

And should the court be of opinion that the county is not liable to pay said township any sum of money on account of said road taxes then to enter judgment in favor of the defendant.

The court entered judgment on the case stated for the defendant, PERSHING, P. J., saying, in an opinion filed : . . . . . "Our conclusion is that the county is not liable to Rush township for taxes charged up against unseated lands after their purchase by the county in cases where there has been no redemption. If we are correct in this it follows that the only liability that can attach to the county, under the case stated, must be for taxes for the non-payment of which the lands were sold by the treasurer, and purchased for the county by the commissioners in the exercise of the discretion vested in them by the act of 1817. At this point the county interposes the Statute of Limitations as a bar to any recovery. The county is responsible to a township where the county treasurer has collected township taxes assessed upon unseated lands and failed to pay them over: Potter county *v.* Oswayo Township, 11 Wr. 162. And it is also settled that the Statute of Limitations runs in favor of a county for money paid into its treasury to redeem lands which have been sold for the non-payment of taxes : Robinson *v.* Cameron county, 34 Leg. Int. 409. As now interpreted, the statute is applicable to all cases excepting those involving technical trusts or actual fraud. . . As it is conceded that the several sales by the treasurer to the county, embraced in the case stated, were all made more than six years before the bringing of suit, we think the Statute of Limitations must prevent a recovery in this case.

The plaintiff took this writ of error, assigning for error the entry of judgment for defendant on the case stated.

*W. J. Whitehouse, Conrad F. Shindel* and *Charles W. Wells,* for the plaintiff in error.—The county having purchased from the treasurer without payment of her bid in money, the only way she can claim to, or could, have acquired a title by such purchase (actual payment being an essential to the validity of such a sale) is upon the ground that the consideration of such purchase and conveyance was the extinguishment of the taxes for which the land was sold and included within the bid of the county and that therefore the title of the county was in trust for the township and the school district, in the proportion which their taxes, the consideration, bore to the whole bid of the county, for the purpose of working out the payment of their taxes charged upon the land sold.

The sole purpose of the various Acts of Assembly authoriz-

[Township of Rush v. Schuylkill County.]

ing these sales (Acts of March 13, 1815, March 13th 1817, March 29th 1824, Purd. Dig. pp. 1444–1452) is the payment of the taxes and not the transfer of titles from one man to another—and yet, if the position of the county of Schuylkill and of the court below be correct, then the Acts of Assembly under which these sales took place do not result in the payment of the tax at all, but only in the transfer of the land of one man to another.

The county may buy at the sale of the treasurer without paying cash; she need lay out none of her money save the insignificant sum required for costs. We agree that if the county cannot make out of the lands at a fair sale a sum large enough to pay all the taxes charged against the land we will be perfectly satisfied with our share of the proceeds. But we insist that when the county has sold the land for a sum large enough to cover her advances and pay her taxes and ours too, then that she shall pay us dollar for dollar of our taxes—that when she has made herself whole, when she is in such a position that she can pay herself and us too, and lose not a cent, then that she shall be required so to do. If we are right then no one loses a cent and every one has his due—the county gets back the small advance and is paid her own taxes and the township and school district receive their taxes. And if the county cannot get enough for the land to pay all in full, we will contentedly bear our share of the loss, but demand as well our share of the proceeds.

The Statute of Limitations does not operate as a bar in this case, because we made demand during the six years, and relied on the statements of the treasury official, which misled us. Knowledge that these statements did not cover all the taxes due did not come into our possession until 1879 : Morgan v. Tener, 33 P. F. S. 305 ; Wickersham v. Lee, Ibid. 416.

*A. W. Schalck,* county solicitor, for the defendant in error.—When a county buys in unseated lands at treasurer's sale, in case of redemption by the owner, and in that case only, must the county pay over to the supervisors of the townships, the amounts received for road taxes : Act of March 13th 1815, § 6. Purd. Dig. 1451, pl. 46. But after the five years the land becomes the absolute property of the county, and it may sell it or do with it just as freely as any other owner of land or property may do with his own.

The Statute of Limitations is a bar to the claims in suit. The treasurer's sales were duly advertised, and his books were open to the inspection of the township officers, by which they could at all times learn all that was necessary to enable them to enforce their claim within the statutory limitation.

Mr. Justice TRUNKEY delivered the opinion of the court, October 2d 1883.

By the Act of March 13th 1815, § 5, P. L. 177, the county commissioners were required to bid off any tract of unseated land for the use of the county, where no other person had bid a sum equal to the amount of the taxes and costs charged against said tract. A supplement of March 13th 1817, P. L. 111, makes it discretionary with the commissioners, what lands they will purchase in for the use of the county. They are not required to bid a sum sufficient to pay all taxes and costs against the land.

Section 5 of the Act of 1815, directs the commissioners " to provide a book, wherein shall be entered the name of the person, as whose estate the same shall have been sold, the quantity of land, and the amount of taxes it was sold for, and every such tract of land shall not thereafter, so long as the same shall remain the property of the county, be charged in the duplicate of the proper collector; but for five years next following such sale, if it shall so long remain unredeemed, the commissioners shall in separate columns in the same book, charge every such tract of land with reasonable county and road tax, according to the quality of the said land, not exceeding in any case the sum of six dollars for every hundred acres."

Section 6 provides, that the owner of the land may redeem the same within five years after the sale, by paying to the " treasurer of the county all the taxes and costs due thereon at the time of the sale, and interest therefor, for the same time, and also the taxes, which shall have been assessed thereon from year to year, after the sale, and interest of each assessment to be counted from the time it ought to have been paid," and " the moneys so received for road taxes shall be paid to the supervisors of the roads of the townships within which such lands shall lie."

Section 7 provides, that if the land shall not be redeemed within said period, the county commissioners shall sell the same, " but no tract shall be sold for a sum less than the amount of taxes, costs and interest which shall be due at the time of such sale by the commissioners." The Act of 1824, P. L. 167, authorizes the commissioners to sell such lands for the best price that can be obtained for the same.

It is manifest that the commissioners are not bound to pay the road taxes assessed on lands purchased by them at treasurer's sales, until said lands shall be redeemed, or if unredeemed, not until they shall be sold at commissioners' sale. The provision of section 3 of the Act of 1815, and of the Act of 1817, relative to the payment by the purchaser at treasurer's sales, of his bid or so much thereof as may be necessary to pay the

taxes and costs, do not apply where the commissioners purchase for the use of the county.  The amount of taxes for which the land was sold are charged against it, and each year for five years following the sale, if the land shall remain so long unredeemed, it shall be charged with reasonable county and road taxes.  When redeemed by payment of the taxes for which it was sold, and also the taxes subsequently assessed, with interest, then the moneys received by the treasurer for road taxes shall be paid to the supervisors.  The time of payment is explicitly fixed by the statute.  It is not the duty of the commissioners to advance money for road taxes.  They are made the public agents to buy in the lands, when they think it would advantage the public to do so, where otherwise they would not sell for the amount of taxes charged thereon, to the end, if possible, that the taxes may be realized.

After the time for redemption shall have expired, the title of the county is absolute, and the commissioners may sell the lands.  Prior to 1824 they could not sell for a sum less than all taxes, costs and interest; since they may sell for the best price that can be obtained.  At the date of sale the road taxes become due and payable by the county, as in case of redemption.  If the proceeds of sale are sufficient, the county shall pay not only the taxes due to the supervisors at the time of the treasurer's sale, but also the taxes charged on the tract for each year during the five years allowed for redemption.  It could not have been otherwise, when the commissioners were required to sell for a sum that would cover all taxes.  The road taxes charged from year to year, during the redemption period, belong to the township, and must be paid to the township now, as before 1824, where the proceeds of sale are sufficient.  But if the proceeds are insufficient to pay all taxes, are any preferred?  It is noticeable that county and road taxes are treated alike throughout the statute.  The commissioners assess and charge both during five years, unless the land be sooner redeemed, and after the end of said period until sale, neither tax is assessed and charged.  No preference is given to either.  If the fund is not enough to pay all, the county is liable to pay the township its proportion.

The road taxes become due from the county at the date of the commissioners' sale, not the treasurer's, and the Statute of Limitations is not a bar to recovery of such taxes when the suit was commenced within six years from the commissioners' sale.  If six years had expired, nothing in the facts of this case prevents the application of the statute.

What has been said expresses our opinion upon all the points submitted.  They were passed upon by the court below and fully argued here, and we have considered them because

[Township of East Union *v.* Comrey.]

the case goes back for another trial. The facts agreed upon are well stated so as to enable the court to determine if the plaintiff has a right to recover, but the sum is not ascertained in case of judgment for the plaintiff. If the case agreed be too uncertain for a judgment thereon, it will be set aside and further proceedings directed. When the parties neglect to ascertain the sum for which judgment is to be rendered in the event of an opinion favorable to the plaintiff, it is the duty of the court to refuse to proceed to the argument until the case is perfected, and if the parties refuse to amend, to set aside the case stated : Whitesides *v.* Russell, 8 W. & S. 44 ; Kinsley *v.* Coyle, 8 P. F. S. 461.

The schedule referred to in paragraph 3 of the case stated is not furnished. One is printed as schedule " A " which does not show the dates of the treasurer's or commissioners' sales, nor the prices paid to the county by the purchasers at commissioners' sales, nor the amount of any taxes charged during the period for redemption.

> Judgment reversed, the case stated set aside, and procedendo awarded.