## Ault, Appellant, *v.* Adamson.

*Statute of limitations—Forced payment of taxes—Subrogation to tax collector—Equity.*

Where a person has been forced to pay taxes on land for which another person was liable, and has delayed for over six years in instituting a suit against a person in default, he cannot thereafter maintain a suit to his own use in the name of the tax collector against whose claim the statute has not become a bar. The plaintiff having lost his legal right, has also thereby lost his equitable right to subrogation.

In such a case it is immaterial that the plaintiff was not in a position to ask for substitution until the tax collector's warrant had expired.

Argued Dec. 12, 1916. Appeal, No. 357, Oct. T., 1916, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., June T., 1916, No. 1052, discharging rule for judgment for want of a sufficient affidavit of defense in case of James M. Ault, to the use of Joseph G. Dunn, trading as Dunn and Landers, to the use of John F. Proper, v. Betsy Adamson. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit to recover taxes which plaintiff was forced to pay.

The opinion of the Superior Court states the case.

*Error assigned* was the order discharging rule for judgment for want of a sufficient affidavit of defense.

*E. Spencer Miller,* for appellant.—Ault, the legal

plaintiff, had a right to collect from the defendant by an action of assumpsit: Wickersham v. Russell, 51 Pa. 74; Com. v. Mahon, 12 Pa. Superior Ct. 616.

This right was not merely a cause of action of the township or county, exercised through its agent, but had at least a private element in it, so that subrogation to the action could accrue to an outside party: Wickersham v. Russell, 51 Pa. 71; West Caln Twp. v. Gibbs, 4 Dist. Rep. 149; Wallace Est., 59 Pa. 401; Kelchner v. Forney, 29 Pa. 47; Whitman's Est., 195 Pa. 144.

Such right of action is not barred by the statute of limitations until two years after the date of the warrant: Marsteller v. Marsteller, 93 Pa. 350; Com. v. Mahon, 12 Pa. Superior Ct. 616.

The present plaintiffs were entitled to subrogation to such right of action in the collector: Porter v. Vanderlin, 158 Pa. 146; Slack v. Kirk, 67 Pa. 380; Mosier's App., 56 Pa. 81; Com. v. Mahon, 12 Pa. Superior Ct. 616.

The right thus acquired by the use-plaintiffs, had not been barred by the statute of limitations when this suit was brought: Rittenhouse v. Levering, 6 Watts & Sergeant 190; Allegheny R. Co. v. Dickey, 131 Pa. 86.

*Chas. Woods Coulston,* for appellee.—The collector of taxes has no right of action against the owner of land for taxes which have been paid to him before the expiration of his warrant by an involuntary payor: McKeesport Borough v. Fidler, 147 Pa. 532.

The right of subrogation must be exercised within six years from the time when the original right of action arose between a defendant and a party seeking subrogation: Fink v. Mahaffy, 8 Watts 384; Bank of Penna. v. Potius, 10 Watts 148; Rittenhouse v. Levering, 6 W. & S. 190; Allegheny R. Co. v. Dickey, 131 Pa. 86; Hutcheson v. Reash, 15 Pa. Superior Ct. 96.

OPINION BY TREXLER, J., April 16, 1917:

The defendant being the owner of certain land, failed to pay the taxes assessed upon it. The use-plaintiff was compelled to pay them by reason of the fact that he had previously purchased the timber upon the property, and both it and other personal property on the premises, owned by him were threatened by liability for unpaid taxes. This suit was brought against the owner to collect the amount of taxes so paid. The defendant filed an affidavit of defense in the nature of a demurrer under the 20th Section of the Act of May 14, 1915, P. L. 481, and afterward the court entered judgment for the defendant without filing an opinion.

If the plaintiff was compelled to pay taxes for which the defendant was personally and legally liable, the law implied an assumpsit on the part of the latter to the former. The plaintiff could recover upon an implied promise in an action of law in his own name: Commonwealth v. Mahon, 12 Pa. Superior Ct. 616. The action accrued as soon as payments were made. The plaintiff allowed six years to pass and thus lost his right to sue in his own name. He now seeks to recover in the name of the tax collector. Under the Act of April 11, 1848, Sec. 3, P. L. 517, the tax collector, in cases where taxes are due and unpaid, has "full right and power to sue for and recover the same with interest thereon, after the expiration of his warrant......as other debts of like manner are now by law recoverable." The collector can bring suit only on the expiration of his warrant: Wickersham v. Russell, 51 Pa. 71. His right of action therefore, does not accrue until that date and the period of limitation as against the collector had not expired when the present action was brought. The plaintiff claims that although his legal right of action is barred he may be subrogated to the right of the collector and thus avoid the bar of the statute.

If we concede for the sake of the argument, that the plaintiff had the right to be subrogated, we think he is

too late in asserting it. It was said in Mosier's App., 56 Pa. 76, "subrogation is purely an equitable result and depends like other controversies in equity on facts to develop its necessity, in order that justice may be done." "Privity of contract is not necessary to its support; it may, and does exist in principles of mere equity and benevolence." The plaintiff having lost his legal right has also thereby lost his equitable right to subrogation. It was held as far back as Fink v. Mahaffy, 8 Watts 384, that if the doctrine of substitution is one of mere equity and benevolence, as it has been said to be, it will not be enforced at the expense of a legal right, and the plaintiff's demand being barred by the statute of limitations, the substitution should not be sustained. This case was followed in Allegheny R. Co. v. Dickey, 131 Pa. 86, and in the cases therein cited. In Rittenhouse v. Levering, 6 W. & S. 190, it is stated by Rogers, J.: "It is inconceivable to me that a court of chancery would undertake to decree a substitution at any distance of time, and after all remedy in a court of law is barred. The general rule is that the claimant must take steps to enforce his right of subrogation within the period prescribed as a limitation to the enforcement of simple contracts for this merely equitable right will not be enforced at the expense of a legal one": Hutcheson v. Reash, 15 Pa. Superior Ct. 96. We do not think the fact that the plaintiff was not in a position to ask for substitution until the tax collector's warrant had expired, changes the matter. The taxes were paid on May 1, 1910, the claim was therefore barred on May 1, 1916. The tax collector's warrant was issued July 1, 1909, and was good for two years or until July 1, 1911. The present suit was brought October 3, 1916. The plaintiff had four years and ten months to be subrogated, but failed to do anything.

He would gain no different right of action, nor a better position by reason of any lien or priority by the subrogation. He seeks to escape the effect of the statute of limitations, which, his laches makes available as a bar

to the action. Having allowed the period prescribed as a limitation to the enforcement of his rights to pass without any action on his part, it is now too late for him to seek to avail himself of a merely equitable right.

Judgment affirmed.