Commonwealth, for use, *v.* Perry
(et al., Appellant).

Argued March 21, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Linn Voorhees Phillips,* for appellant.

*Dean D. Sturgis,* of *Morrow & Sturgis,* with him *W. Brown Higbee,* of *Higbee, Lewellyn & Higbee,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, May 9, 1938:

Appellant is surety on the bond of Albert J. Perry, appointed tax collector for South Brownsville Borough as of April 1, 1920. The bond was conditioned upon Perry's paying or accounting for the tax charged in his duplicate; it contains a warrant of attorney to confess judgment. In September, 1936, judgment was entered on the bond upon an affidavit that Perry was in default for the year 1920. This was 16 years after the bond was given. Appellant petitioned the court below to open the judgment and let it into a defense for the reason that

the county was barred by the Act of April 4, 1798, 3 Smith's Laws 331, Section 4. The petition to open was dismissed by a divided court.

Appellee takes the position that the Act of 1798 does not bar action on the bond in the present case. It insists first that the bond is a sealed instrument and that the defense of this statute of limitations has no application. Section 4 of the Act of 1798 reads as follows: ". . . it shall not be lawful for any person or persons whomsoever to commence and maintain any suit or suits on any bonds or recognizances, which shall hereafter be given and entered into by any person or persons, as sureties for any public officer, from and after the expiration of the term of seven years, to be computed from the time at which the cause of action shall have accrued; and if any such suit or suits shall be commenced, contrary to the intent and meaning of this act, the defendant or defendants respectively shall and may plead the general issue, and give this act and the special matter in evidence; and if the plaintiff or plaintiffs be non-suit, or if a verdict or judgment pass against him or them respectively, the defendant or defendants shall respectively recover double costs."

Simply because the bond in the present case contains a warrant to confess judgment would not prolong its life as an obligation. Negotiable paper may under given conditions contain such warrant but it is still subject to the ordinary rule of limitations, not being under seal. The determinative factor is the character of the obligation itself. The instrument here given is a specialty, being under seal, but as an official bond it is within the particular class of sealed instruments for which the statute provides a special period of limitations. See *Glover v. Wilson*, 6 Pa. 290; *Commonwealth, to use, v. Donnelly*, 36 Pa. Superior Ct. 619.

The legislature, at the time the Act of 1798 was passed, could have contemplated nothing other than sealed instruments in treating of "bonds." Their purpose was

clearly to create a special statute of limitations for this class of specialties. By long established definition, a bond is a specialty or sealed instrument. Blackstone says (Book II, Ch. 20, page 340) : "An obligation or bond is a *deed* whereby the obligor obliges himself, his heirs, executors and administrators, to pay a certain sum of money to another at a day appointed." See also Bouvier's Law Dictionary (3d Rev. Ed.), 375. In *Williams v. Florida*, 25 Fla. 734, 740, it is stated: "Although in the body of a writing it is said that the parties have set their hands and seals, it is not a bond unless it has been actually sealed and delivered." To the same effect are *Skinner v. McCarty*, 2 Port. (Ala.) 19; *Ordinary v. Connolly*, 75 N. J. Eq. 521; *Gilbert v. Anthony*, 9 Tenn. 69; *Denton et al. v. Adams*, 6 Vt. 40. While in some jurisdictions where the seal has lost its legal significance the term "bond" may now include a writing not sealed, Pennsylvania retains the common law view. In *Huron Leather Co., Ltd., v. Sklar et al.*, 101 Pa. Superior Ct. 534, Mr. Justice DREW, then Judge, said at p. 537: "A seal is of the essence of a bond, and no writing can have the qualities which attach to a bond without the seal of the parties executing it." To hold that the Act of 1798 does not apply to "bonds under seal" would be to make the provision nugatory for, by definition, there cannot be an official "bond" which is not a sealed instrument.

The case of *Lehigh County v. Gossler*, 24 Pa. Superior Ct. 406, which was cited by appellee does not support its contention. There suit was brought on a county treasurer's bond, more than six years, but less than seven years, after the cause of action against the treasurer arose. The court properly held that the ordinary statute of limitations on contracts did not bar the suit because the instrument was under seal. The Act of 1798 was not involved because the special period of limitations established by it for official bonds had not expired.

The purpose of the Act was to place a reasonable limit on the liability of sureties on official bonds. Whether the statute be called one of limitation or one of repose, its effect is to require diligence on the part of the municipal authorities in pursuing their remedies. The language of the Act imposing the limitation is explicit, and stronger than that usually found in statutes of this sort. A similar Act, that of March 28, 1803, P. L. 497, Section 4, creating a limitation of five years for suits on sheriff's bonds merely states that "suit . . . shall not be sustained by any court of this commonwealth" after the running of the period. This Act also has been held to bar untimely actions on a sheriff's bond regardless of the fact that it is under seal. See *Commonwealth v. Rainey*, 4 W. & S. 186.

The case of *Shively v. McDonnell*, 308 Pa. 298, cited by appellee, did not hold that the Act of 1803 was inapplicable to sealed bonds given by sheriffs. The bond in that case was given by a deputy sheriff to the sheriff and was not therefore within the provisions of that Act.

Appellee contends, however, that the effect of the Act of 1798 has been vitiated by subsequent legislation extending the period of time during which a tax collector's warrant remains in force. The Act of April 22, 1846, P. L. 486, Section 21, provides that the warrant shall be effectual for two years and no more. There are Acts extending the life of warrants for additional periods of time, but it does not appear that Perry had availed himself of any such extension after the expiration of the initial two-year period, and we cannot assume advantage must have been taken of these extending Acts even if they were applicable.

Moreover these Acts extending the life of a collector's warrant did not suspend the operation of the Act of 1798 automatically, nor did they extend the period for payment over by the collector of the amounts charged to him upon his duplicate. See *Commonwealth, to use, v. Ferrell*, 17 C. C. 263. Appellee mistakenly asserts that

the cause of action against the tax collector in the present case was in abeyance until the expiration of his warrant, and arose at the end of the extended period; that its claim therefore was not yet barred by the seven-year limitation. The case as presented does not justify any such conclusion. Ordinarily the collector is accountable for the entire amount of the tax duplicate three months from its delivery to him. The Act of June 25, 1885, P. L. 187, Section 5, provides that borough tax collectors shall have the same powers and obligations as those of tax collectors theretofore, bringing them within the operation of section 49 of the Act of April 15, 1834, P. L. 509. As to the effect of that section see *Glover v. Wilson,* supra; *Commonwealth, to use, v. Stambaugh,* 164 Pa. 437; *Commonwealth, to use, v. Kauffman,* 314 Pa. 396, 402.

The cases cited by appellee in support of its contention that the right of action accrues at the expiration of the warrant refer not to the right of action by the county or borough against the collector, but to the collector's right of action against the taxpayer. See *Wickersham v. Russell,* 51 Pa. 71; *Commonwealth v. Mahon,* 12 Pa. Superior Ct. 616; *Ault v. Adamson,* 66 Pa. Superior Ct. 374. There has been, therefore, in the present case, a lapse of more than seven years since the right of action against the collector accrued.

It is true that in *McKeehan v. Commonwealth,* 3 Pa. 151, and *Commonwealth v. Johnson,* 6 Pa. 136, it was stated that a statutory period of limitations will not be applied against the Commonwealth as a party unless it is expressly so provided. However this may now be, immunity of the sovereign does not extend to the political subdivisions, the municipal corporations such as counties, townships, boroughs and the like. This was clearly stated in *Glover v. Wilson,* supra, where the Court said with reference to the statute now under consideration: "As against the county alone, we think the plea of the statute would be an effective bar; for a collector of pub-

lic taxes is a public officer, and as the cause of action upon this bond accrued at the end of three months from the delivery of the tax duplicate to him, more than seven years had elapsed before the commencement of this action." See also *Township of Rush v. Schuylkill County,* 100 Pa. 356, 361. The fact that this suit is brought in the name of the Commonwealth to the use of the county does not affect the running of the statute. The real party here is not the Commonwealth but the political subdivision.

It is also objected that the Act of 1798 is a bar only to adverse actions at law and does not preclude amicable actions or the entry of judgment by confession after the seven-year period. This argument needs no refutation. The language of the statute embraced all actions whether amicable or adverse and included the one here attempted.

It is well settled that the plea of the statute of limitations is a valid and equitable defense which may be raised upon the opening of a judgment. Although at one time the plea may have been regarded as inequitable and technical, our courts have long since changed their attitude with respect to it. In *Philadelphia, B. & W. R. R. v. Quaker City F. M. Co.,* 282 Pa. 362, at 366, it was said: "Statutes of limitations are statutes of repose enacted for the common weal to quiet threatened disputes or litigation." And, in *Sossong v. Rosar,* 112 Pa. 197, this Court, in opening a judgment entered upon a note to permit the plea of the statute of limitations, said: "Many times since we have commended it as a meritorious defence, and have described it as a statute of repose tending to the peace of families and the quieting of titles. The courts both of England and this country, including this court, have carried it into the equity practice and followed the law in all analogous cases upon principles of the soundest public policy." See also *Herman v. Rinker,* 106 Pa. 121; *Ellinger's Appeal,* 114 Pa. 505; *Bates v. Cullum,* 163 Pa. 234.

362

The judgment entered upon the bond in favor of appellee should have been opened, and, on the issues submitted, unless a situation differing from that here discussed appears, a verdict and judgment should be entered for appellant.

Order reversed with a procedendo.