## Monaca Borough School District v. Jones & Laughlin Steel Corporation

*Jacob Venger*, for plaintiff.

*Reed & Ewing*, for defendant.

READER, P. J., May 25, 1943.—The above-entitled case is now before us on an affidavit of defense raising questions of law. The statement of claim sets forth that plaintiff is a school district of the third class in the Borough of Monaca, Beaver County, Pa., and that defendant is a corporation engaged in the manufacture of steel, etc., at Aliquippa in said county. It is further set out that certain persons, designated on a list attached to the statement as exhibit "A", are taxpayers against whom plaintiff assessed and levied the per capita school tax set out in said exhibit "A". The statement avers that demand had been made upon each of the taxables for the payment of such tax and that the said taxables had failed or refused to pay the same. It is then averred that plaintiff notified defendant of the delinquency of said taxpayers and requested the defendant, as employer, to make payment of the taxes set out in said exhibit "A". It is averred that this demand upon defendant was refused, and that the taxes remained unpaid at the time of the filing of the statement. The taxes which are the basis of the suit are for the years 1931, 1932, 1934, and 1935.

The affidavit of defense raising questions of law avers generally that there is no authority in law requiring defendant to pay these delinquent taxes from moneys due its employes. It is more specifically averred in the affidavit of defense that the Act of June 20, 1939,

P. L. 508, 72 PS §5544.1, does not confer any such authority and is inapplicable. The affidavit of defense further specifically avers that the School Code of May 18, 1911, P. L. 309, as amended by the Act of May 11, 1921, P. L. 508, 24 PS §§636, 637, imposes no obligation on defendant to pay such taxes.

It seems quite clear that the Act of 1939, above referred to, is inapplicable to the present case, the Superior Court having decided in the case of Martin v. Danco et al., 143 Pa. Superior Ct. 106, that the said act is not retroactive.

The argument of counsel for defendant is directed primarily to the effect of the said School Code of 1911, as amended by the Act of 1921. Generally the position of defendant is that this act is permissive and not mandatory so far as payment of the taxes by defendant is concerned. In support of this position counsel for defendant calls attention to the fact that section 557 of the act (24 PS §636) provides that upon notice as therein directed the employer "may deduct" from any wages then or thereafter becoming due and owing to the employe the amount of such delinquent per capita tax, and pay the same over to the collector of school taxes. Attention is further called to the provision of section 558 (24 PS §637) that in case of refusal of the employer to deduct the amount of the tax from the wages due, or his failure, after making such deduction, to pay the same over to the taxing authority, the employer shall be liable to pay to the school district a sum equal to the amount of such per capita tax "collected from such employe, or employes, as aforesaid". It is contended that the provision of the first section above quoted, that the employer may deduct the taxes from wages, is permissive only and does not require the employer to make such deduction even after notice of the delinquency and further that the provision quoted from the second section, apparently limiting the liability of the employer to pay over only what has actually been

collected, confirms and establishes the construction of the whole act upon which defendant relies.

It must be conceded that the act is rather carelessly drawn. Its language suggests the objections above referred to. We are obliged, however, to consider the act as a whole in determining its effect and in construing the particular language above quoted. The act first provides that, in the case of delinquency in the payment of the per capita school tax on the part of an employe after having received the notice prescribed by the act, the collector of school taxes "shall notify" the employer of such delinquency and "may thereupon request the payment of such per capita tax of such employer" out of any money then due and thereafter to become due and owing to such delinquent taxpayer. These provisions of the act seem to make it imperative upon the collector of taxes to take the steps indicated for the collection of the delinquent taxes from the employer. These provisions are followed by the provision above quoted to the effect that upon receiving such notice the employer "may deduct" the amount of the taxes from the wages of the employe. This provision is followed by the provision that the receipt of the tax collector for the amount thus paid shall be a defense to the employer against any claim of the employe for the amount of taxes thus withheld. It seems to us that probably, if the words "may deduct" were not inadvertently used, the legislature had in mind rather the effect of the deduction as between the employer and the employe and did not mean, by the use of such words, to nullify the duty previously imposed upon the tax collector. Considering the following section of the act, we find the provision that if the employer shall fail or refuse to deduct the delinquent tax from the wages, or if, having deducted the same, the employer fails to pay the same over to the school district, the employer shall be liable in the manner provided by this section. It seems to us

that the liability of the employer results either from the refusal to deduct the tax from the wages, or from the failure to pay over the amount deducted, where that has been done. A refusal by the employer to deduct the taxes is a definitive action upon its part imposing liability under the terms of the act, as effectually as if the employer had deducted the tax and failed or refused to pay it over. It is true that confusion is introduced by the later provision that the liability of the employer to the school district is to pay a sum equal to the amount of such per capita tax collected from such employe. This would seem to indicate that the liability exists only where the collection is actually made. We are of the opinion, however, that considering the statute as a whole this is not to be construed as the effect of this language. The purpose of the language is to define the measure of liability. In any district the per capita tax imposed would be the same as to all taxables, and it seems to us there could be no question as to the extent of the liability of the employer, whether the tax has been collected or not. The intent of the legislature undoubtedly was to provide a method for the effective collection of the per capita tax in certain cases. The construction contended for by defendant would completely nullify the act and defeat the legislative intent. It would make it possible for the employer in all cases, by a simple refusal to deduct the tax, to render the statute inoperative. It seems to us that only a necessary construction of the language of the act should give it this effect. We think the construction we have suggested is a reasonable one and does not do violence to the language of the act and results in making it effective.

We are satisfied, therefore, that the School Code of 1911, as amended by the Act of 1921, is effective for the collection of delinquent per capita taxes through the employer of the taxable, and that when the terms of

the act have been complied with the employer may be required to pay the taxes.

We think the affidavit of defense is sufficient to raise the further question as to whether, assuming the Act of 1911, as amended by the Act of 1921, to be effective, plaintiff has brought itself within the provisions thereof by compliance with its provisions and by compliance with certain general rules of law which may be applicable to the collection of taxes. It will be noted, as above stated, that the taxes sued for are the taxes for the years 1931, 1932, 1934, and 1935. The fact that the taxes sued for are of these dates raises the question as to the possible application of the statute of limitations in favor of defendant.

The liability of the employer in this case is a secondary liability. The tax is not assessed against it. Its position is somewhat that of a garnishee. As against it, it seems to us that the action is one to collect what is a debt as between it and the school district. It will be noticed that in section 558 it is provided that the sum for which the employer is said to be liable "may be recovered by the said school district in any action of assumpsit against said person, firm, association, or corporation failing to pay over such tax, as debts of like amount are now recoverable". That the liability of the employer is fixed by the statute as a liability for a debt and not a tax seems to be further suggested by the provision in the section referred to that in the collection of any judgment recovered for such delinquent tax the employer, as defendant in the judgment, shall not be entitled to the benefit of any exemption, appraisement law, or stay of execution. If the liability of the employer were a direct tax liability this provision of the statute would be unnecessary. As against a levy or execution against one liable for the payment of the tax as such, no such exemption, appraisement, or stay of execution would be available: McKee v. Christman et al., 103 Pa. 431.

It is a general rule of the law that the exemption of the Government from the operation of statutes of limitations does not extend to municipal subdivisions unless they are engaged in enforcing strictly public rights: Philadelphia v. Holmes Electric Protective Company of Philadelphia, 335 Pa. 273; Erny's Estate, 337 Pa. 542. However, it has been held that, under certain circumstances, where taxes are sought to be recovered in an action of assumpsit, the statute of limitations runs in favor of the person sought to be held in such action. When the tax duplicate is delivered to the tax collector he receives from the taxing municipality a warrant authorizing him to collect the taxes set out in the duplicate. Unless renewed from time to time by legislation the life of the warrant is two years. While it is in force the collector may not resort to an action of assumpsit to recover the taxes. This right arises upon the expiration of the warrant. Thereafter the collector may proceed by an action of assumpsit to recover the taxes. From the time when the right of action by assumpsit arises the statute of limitations runs in favor of the taxpayer. Thus, in the case of Wickersham v. Russell, 51 Pa. 71, the court said (pp. 73, 74):

"The instruction given by the court to the jury respecting the Statute of Limitations was also correct. Until the expiration of two years from the date of his warrant, the plaintiff was prohibited, by the Act of Assembly, from attempting to recover the taxes by suit. While the warrant was in force, he could use it, and it alone, to enforce collection. His right to employ an action upon the case did not accrue until November 15th, 1858. Now it is upon his right, not to recover the taxes due from the defendant, but to use the common-law remedy that the statute operated. The remedy, not the debt, is regulated by it."

This principle is recognized in the case of Commonwealth, to use, v. Mahon, Exec., 12 Pa. Superior Ct.

616, Ault v. Adamson, 66 Pa. Superior Ct. 374, and Commonwealth, for use, v. Perry et al., 330 Pa. 355.

We think the principle of the applicability of the statute of limitations in cases where an action of assumpsit is brought for the recovery of taxes is peculiarly applicable to the present case because of the fact above stated, that defendant is not in any way, directly or indirectly, subject to the claim as a tax claim, but that its liability is secondary and in the nature of a debt only. We think we might assume that the statute has run against all of the taxes claimed, with the possible exception of those for the year 1935. The statement of claim, however, lacks averments which might assist us in passing upon this question, if they were properly averred. We are suggesting, therefore, that the plaintiff's statement be amended so as to include averments as to the following matters: the date of the levy of the tax as to each taxable; the date of the notice and the form, or at least the substance thereof, given to each taxable requiring payment of the per capita tax; the date of the warrant to the collector, including the taxes charged to each of the taxables named in exhibit "A", and any extension or extensions of said warrant; whether or not the collector was exonerated from the liability to collect any or all of the taxes claimed in this suit; the date and contents of the notice to the defendant requiring it to pay the delinquent taxes set out in exhibit "A". All these matters are peculiarly within the knowledge of the plaintiff, and for this reason we think it may be reasonably asked to aver them. Should no such amendment to the statement be made and filed within 30 days from the date of filing this opinion, judgment will be entered in accordance with the views hereinbefore expressed.

---

NOTE.—An appeal from the foregoing decision was taken to the Superior Court of Pennsylvania, but was nonprossed on April 17, 1944.