# Willard *against* Wickham.

Upon a *scire facias* against the bail to recover the amount of an execution for which the constable became liable, it is competent to establish the insolvency of the constable by the testimony of witnesses; it is not essential he should have taken the benefit of the insolvent law.

In an action against the bail to recover the amount of an execution for which a constable became liable, the constable himself, upon being released from liability to the defendants, is a competent witness.

ERROR to the common pleas of *Tioga* county.

William Willard for the use of James Husted against Benjamin C. Wickham and others. *Scire facias* from a justice of the peace against the defendants as the bail of George Daniels, a constable, to recover the amount of an execution for which he became liable.

The plaintiff, having given the judgment and execution in evidence which established the liability of the constable, and the judgment against the constable and execution upon it, and a return of "*nulla bona*," offered to prove, by the testimony of witnesses, that George Daniels was insolvent when the *scire facias* issued against the bail, and was so yet. The defendants objected to the evidence on the ground that it was not competent to establish that fact by other than record evidence of a legal insolvency. The court rejected the evidence and sealed a bill of exceptions.

The defendants then offered George Daniels as a witness, they having first released him from liability to them. The plaintiff objected to him. The court overruled the objection and sealed a bill of exceptions.

The court below was of opinion that the evidence of the constable's insolvency was not such as would entitle the plaintiff to recover. Verdict for defendants.

*Parsons*, for plaintiff in error, as to the evidence of insolvency, cited, nineteenth section of the act of 1810; 3 *Watts* 208; 6 *Serg. & Rawle* 247; 17 *Serg. & Rawle* 354; 8 *Serg. & Rawle* 416; 7 *Serg. & Rawle* 350.

*Williston*, for defendants in error, cited, 8 *Serg. & Rawle* 452; 1 *Whart. Dig.* 713, *pl.* 25, 26.

The opinion of the Court was delivered by

ROGERS, J.—In a *scire facias* against the sureties of a constable, it is necessary to show that a judgment has been rendered against the

[Willard v. Wickham.]

constable for neglect or refusal to perform the duties of his office; and further, that on being prosecuted for the recovery of the judgment, he became insolvent, abandoned his country, or from some other cause it became impracticable to recover judgment from the constable. Here judgment was rendered against the constable and *nulla bona* returned, and in addition, the plaintiff offered to prove that on or before the 14th of December 1835, the time when the *scire facias* issued, George Daniels, the constable, was insolvent, and that he was so at the time of trial. The question is, whether any testimony short of a legal insolvency or a voluntary assignment will avail the plaintiff and fix the bail. In the case of a guarantee it is not necessary that the debtor should take the benefit of the act. It is enough to show a notorious insolvency to recover against the guarantor. But the case depends less on analogy than on the words of the act. What is meant by the constable becoming insolvent; and in what way can the impracticability of recovering the judgment be shown? After the plaintiff, as is said in Evans *v.* Frey, 3 *Watts* 210, has pursued the constable to insolvency or abandonment of his country, or arrived at a state of utter impracticability to collect the debt, a further pursuit would be unavailing to the plaintiff and of no benefit to the bail. These expressions are used in a case where the constable had done nothing further than apply for the benefit of the act, and yet the objection did not occur either to court or counsel. In the case of a notorious insolvency, why oblige the constable to take the benefit, when it is manifest it will not avail the bail and will increase the costs, without any practical benefit to either party? We are not to suppose that the constable has fraudulently concealed his funds; and certainly the legislature did not make this course necessary for the purpose of extorting money from the sympathy of friends, as has been urged in the argument. This is a case of construction; and as the legislature have not ordered that the party shall pursue so idle and useless a ceremony, we cannot think any motives of policy recommend it for adoption. The return of *nulla bona,* without more, we should deem insufficient, as the constable may have real estate; but here the plaintiff offered to accompany it with other proof of insolvency, which we think is in accordance with the intention of the legislature. A legal insolvency would doubtless be more satisfactory and, perhaps, conclusive; but the fact of insolvency may be established by other and inferior evidence, to the complete conviction of a jury, subject, nevertheless, to countervailing proof on the part of the bail. There is no other error in the trial.

Judgment reversed, and a *venire de novo* awarded.