# Wilson *against* The Commonwealth.

The limited time within which an action may be brought against the sureties of a sheriff upon his official recognizance is to be computed from its date, and not from the date of its approval by the governor.

ERROR to the Common Pleas of *Mifflin* county.

This was an action of debt by the Commonwealth of Pennsylvania for the use of David R. Reynolds against William Wilson and others, founded upon the official recognizance of James Gibboney, late sheriff, the defendants having been his sureties. The recognizance was dated the 18th October 1833; it was approved by the governor on the 25th October 1833; on the same day the commission issued to the sheriff, and this suit was brought on the 25th October 1838. The question presented was whether the action was brought within the limitation of five years, prescribed by the Act of Assembly.

WILSON (President) instructed the jury that the date of the recognizance, and not the time of its approval, was the period from

[Wilson v. The Commonwealth.]

which the five years was to be computed, and therefore directed a verdict and judgment for the defendant.

*Fisher*, for plaintiff in error, argued that the recognizance was not a perfect obligation binding upon the parties to it until it was approved by the governor; and it was the spirit of the Act that its obligation should continue to bind the sureties for five years.

*Hale*, contra, whom the court declined to hear.

The opinion of the Court was delivered by

KENNEDY, J. — This is an action of debt brought in the court below on a sheriff's recognizance against his sureties; and the only question raised for our determination is whether or not the action was commenced within the time limited by the Act of Assembly. The Act expressly provides that suit or suits against the sureties of a sheriff, their heirs, executors, or administrators, on the bonds or recognizances given or entered into by them as such, " shall not be sustained by any court of this Commonwealth, unless the same shall be instituted within five years after the *date* of such obligation or recognizance." It has been urged by the counsel for the plaintiff in error that " the *date* of such obligation or recognizance" here must be construed to mean the time or day on which the same shall be subsequently approved by the governor, as required by the same Act; but such construction would be directly contrary, not only to the legal and common acceptation of the term " date," when applied to instruments of writing, but, in this instance, contrary likewise to what would seem to have been clearly the meaning of the Legislature. In no part of the Act can we perceive a different intent manifested by its language or expression. Had the Legislature intended, as contended for by the plaintiff's counsel, that the five years should commence to run from the time only when the bond or recognizance shall be approved by the governor, they would doubtless have employed language suited to convey such meaning; but to put such construction upon the language used would be legislating instead of expounding. The action, therefore, not having been instituted within five years after the date of the recognizance, as expressed on its face, cannot be sustained.

Judgment affirmed.