# Commonwealth *v.* Clipsham.

*Bonds—Statutory bonds—Where bond exceeds statutory requirements.*
Where a statutory bond has been voluntarily given for a lawful purpose it may be enforced according to its terms, even though it in form exceeds the requirements of the statute.

*Constables—Bonds—Statute of limitations—Acts of March* 20, 1810, 5 *Sm. L.* 175; *March* 29, 1824, *P. L.* 171; *April* 15, 1834, *P. L.* 537, *sec.* 112; *—March* 18, 1864, *P. L.* 60, *February* 14, 1889, *P. L.* 6, *and June* 10, 1897, *P. L.* 139.
The 4th section of the act of March 29, 1824, requiring that suits on constable's bonds must be instituted within three years after the date of the bond, does not apply to a bond of a constable of Philadelphia, dated March 13, 1895, where the cause of action arose on September 25, 1899, suit was begun on December 11, 1899, and the sureties in the bond voluntarily obligated themselves to be liable for the constable's default in not paying or causing "to be paid to the several suitors and parties interested, their lawful attorneys, factors, agents and assigns, all and every such sum or sums of money, to them respectively belonging, which shall come to his hands, and shall from time to time, and at all times during his continuance in office of constable justly and faithfully execute the said office, and perform everything the duty and trust in him reposed." As the act of March 18, 1864, fixed the term of constable in Philadelphia at five years, suit may be begun at any time within the term of five years.

*Constables—Term of office—Act of February* 14, 1889, *P. L.* 6.
The act of February 14, 1889, fixing the office of constables at three years, in every borough and township, and when a borough is divided into wards "of every ward," does not apply to the office of constable in the city of Philadelphia, as cities are omitted from the act.

Argued Oct. 5, 1900. Appeal, No. 44, Oct. T., 1900, by plaintiffs, from order of C. P. No. 4., Phila. Co., Dec. T., 1899,

No. 410, sustaining demurrer to statement in case of Commonwealth to use of George P. Barnes et al., trustees of Matilda C. Barnes, deceased, v. John C. Clipsham and Henry Brooks. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Reversed.

Assumpsit on a constable's bond.

Demurrer to statement.

From the record it appeared that the suit was brought on the bond given by John C. Clipsham (a constable) and Henry Brooks, his surety, the conditions of which, inter alia, were that the said Clipsham should "pay to parties interested, all money to them belonging which would come into his hands," and should "from time to time, and at all times during his continuance in said office of constable, justly and faithfully execute the said office," etc.

Clipsham was elected a constable for a term of five years from the first Monday of April, 1895.   Acting officially as constable he collected rent belonging to the use plaintiffs and appropriated the same to his own use.

This suit was brought December 11, 1899, during the term for which Clipsham was elected, which did not expire until the first Monday of April, 1900.

The defendant claimed to escape liability on the bond by virtue of the Act of March 29, 1824, P. L. 171, which provides "that suits against sureties mentioned in the 3d section of said act shall not be sustained unless the same be instituted within three years after the date of such obligation."

The court sustained the demurrer.

*Error assigned* was in sustaining the demurrer.

*Leoni Melick*, with him *Sheldon Potter* and *Henry T. Dechert*, for appellants.—Parties can make the remedy a part of the contract.   If they do so, that part will be enforced.   They can make the stay laws, exemption laws or limitation laws a part of the contract: Billmeyer v. Evans, 40 Pa. 324.

Had the parties to the bond in suit inserted therein the provision, "suit may be brought on his bond within five years from its date," that provision would have been enforced regardless

of the act of 1824, because they would be part of the contract. Did the defendant not so contract when he agreed to be liable for the conduct of the constable for five years?

*Albert T. Bauerle,* with him *Harry T. Bauerle,* for appellee. —The surety's liability is regulated and controlled by the Act of March 29, 1824, P. L. 171: Von Hoffman v. City of Quincy, 71 U. S. 550; Billmeyer v. Evans, 40 Pa. 326; Commonwealth v. Rose's Executors, 33 Pa. 199; Forster v. Cumberland Valley Railroad Co., 23 Pa. 317; Glover v. Wilson, 6 Pa. 293; Bongard's Petition, 16 Phila. 491; Commonwealth v. Curtin, 6 Pa. Dist. Repr. 589; Commonwealth v. Geary, 7 Pa. Dist. Repr. 541; Barr's Petition, 20 Phila. 367.

OPINION BY ORLADY, J., January 22, 1901:

John C. Clipsham was duly elected and qualified as a constable of the thirty-fourth ward of the city of Philadelphia for a term of five years beginning the first Monday of April, 1895. His bond, with the defendants as sureties, for the sum of $1,000, was acknowledged and approved by the court on justification of the sureties. On September 25, 1899, while acting in his office as constable, Jno. C. Clipsham, collected and received for the use plaintiffs by, virtue of a landlord's distress warrant, the sum of $235, which sum he did not account for, and soon thereafter absconded as a fugitive from justice. This suit was brought to recover from the sureties the amount of the default of the constable. Henry Brooks, the only defendant served with process, filed a demurrer as follows: " That all the liability which ever existed against Henry Brooks as surety, on the bond of obligation in suit, ceased and determined on the 13th day of March, 1898, and there is no liability to plaintiffs under the act of assembly or the decisions thereunder from said date."

The court sustained the demurrer, but filed no opinion, and the plaintiff brings this appeal. The defendant relies on the Act of March 29, 1824, P. L. 171, for his exemption from liability. The 3d section of that act provides: " That it shall be the duty of the several courts of quarter sessions . . . . of this commonwealth to require of all constables hereafter elected or appointed, who by the present laws would be obliged to give security before they enter into the execution of their duty, an

obligation in the name of the commonwealth, with one or more sureties, to be approved by the court, . . . . conditioned for the just and faithful discharge of his office of constable according to law; and the said obligation shall be held in trust, for the use and benefit of all persons who may sustain any injury from him in his official capacity, and for the true and faithful execution of all process placed in his hands, to all intents and purposes, as sheriff's bonds are usually given; and such obligations may be proceeded in as other official bonds are by law directed." The 4th section is as follows: "That suits against the sureties mentioned in the 3d section of this act shall not be sustained, unless the same be instituted within .three years after the date of such obligation."

The Act of March 20, 1810, 5 Sm. L. 175, was in force when the act of 1824 was enacted, and by its 29th section the term of office of constable was fixed "for one year from and after the time of his appointment." The Act of March 18, 1864, P. L. 60, provides that the constables in the city of Philadelphia shall "hereafter be elected for the term of five years." The Act of April 15, 1834, P. L. 537, section 112, provides that the bond to be given by constables, "shall be taken . . . . in the name of the commonwealth with conditions for the just and faithful discharge by the said constable of the duties of his office." By Act of February 14, 1889, P. L. 6, the term of office of constable "in every borough and township, and when a borough is divided into wards, of every ward," is fixed at three years, but this act does not affect the term of office of constable in the city of Philadelphia under the act of 1864, as by express terms it is limited to boroughs as such, and also when they are divided into wards and townships, cities being omitted from the act.

By Act of June 10, 1897, P. L. 139, it is provided: "That suits against sureties in constable's bonds shall not be sustained, unless the same be instituted within five years after the date of such bond or obligation. All acts or parts of acts inconsistent herewith or supplied hereby are hereby repealed." The term for which Clipsham was elected began on the first Monday (2d) of April, 1895, and expired on the first Monday (2d) of April, 1900. His bond is dated March 13, 1895, the default, for which the action is brought occurred September 25, 1899,

(within the term of the constable), and this action was begun on December 11, 1899. The appellee contends that all liability of the sureties ended on March 13, 1898, " three years after the date of the obligation."

For the purpose of this case it may be conceded that the laws which subsist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of it just the same as if they were expressly referred to, or incorporated, in its terms, embracing alike those which affect its validity, construction, discharge and enforcement : Von Hoffman v. The City of Quincy, 71 U. S. 550. The special facts of this case, however, do not require the application of that principle, as here the sureties did not content themselves with giving the bond required by law of the constable. Had they done so, they would undoubtedly be relieved of liability under the authority of Commonwealth v. Rose's Executors, 33 Pa. 199. The bond of this constable embraces provisions, covenants and stipulations which were not required by the statutes. The delay of legislative action in repealing the 4th section of the act of 1824 for many years after the term of the constable was enlarged from one to five years may have been the reason for changing the form of the bond, but whether this was the reason or not, it was apparent that the courts of Philadelphia county had repeatedly held (Commonwealth v. White's Exrs., 2 W. N. C. 321; Bongard's Petition, 16 Phila. R. 491; Barr's Petition, 8 Pa. C. C. R. 64) that the old form of bond did not furnish adequate security to persons dealing with a constable during the fourth and fifth years of his term. These sureties voluntarily obligated themselves to be liable for the constable's default in not paying or causing " to be paid to the several suitors and parties interested, their lawful attorneys, factors, agents and assigns, all and every such sum or sums of money, to them respectively belonging, which shall come to his hands, and shall from time to time, and at all times during his continuance in office of constable, justly and faithfully execute the said office, and perform everything the duty and trust in him reposed," instead of the simple provision for the condition of the constable's bond required by the 112th section of the act of 1834. Having been voluntarily given for a lawful purpose, it may be enforced according to its terms, even though it in form exceeds

the requirements of the statute: United States v. Hodson, 10 Wall. 395; Clark v. Morss, 142 Pa. 311; County of Sullivan v. Mittendorf, 7 Pa. Superior Ct. 71; Clement v. Courtright, 9 Pa. Superior Ct. 45.

" His continuance in office " could refer only to his term of five years, during which they bound themselves as his sureties: Alcorn v. Commonwealth, 66 Pa. 172. This term of office was well known to the sureties, and they cannot escape liability after signing so liberal and unambiguous a contract by attempting to read into it an act of assembly, the provisions of which it was manifestly intended to enlarge. They, who tendered their obligation to protect all persons dealing with this constable during his continuance in office were volunteers, and if loss follows their suretyship, it is but right that it be borne by the ones who made it possible for the constable to perpetrate a fraud, rather than by one who was induced to have confidence in their signatures. To read into the bond the now repealed act of 1824, the surety must then be confined to the exact bond contemplated by that act.

It is not necessary to dispose of the second phase of the case arising under the act of 1897 as that question was not fairly raised by the demurrer. The judgment of the court below is reversed and the record remitted with a procedendo.