## Commonwealth ex rel. v. McClane

*Alex Schamban,* for plaintiff.
*Henry Arronson,* for defendant.

WINNET, J., April 20, 1943.—This is a suit against the surety on a constable's bond. Samuel B. Ashbrook was elected as a constable for a term of six years from

January 1, 1932. In accordance with the law he filed, on November 30, 1931, a bond on which defendant was the surety. The statement of claim alleges that on August 12, 1933, the constable wilfully and wrongfully refused to proceed with the sale of household goods and as a result suit was brought against the constable and a verdict was recovered against him. The present suit was instituted on November 7, 1941, approximately ten years after the date of the bond and eight years after the wrongful act of the constable. Plaintiff seeks to recover from the surety the amount of the judgment he holds against the constable. Defendant has filed an affidavit of defense raising questions of law. The defense urged is the limitation period provided by the Act of June 10, 1897, P. L. 139, sec. 1, 13 PS §81, which provides:

". . . suits against sureties in constables bond shall not be sustained, unless the same be instituted within five years after the date of such bond or obligation."

The court sustained defendant's contention and entered judgment for defendant.

Plaintiff contends that the defense of the statute of limitations cannot be disposed of by the court on a demurrer and must be raised by an affirmative plea in the affidavit of defense. Ordinarily this is the rule; but it does not apply where the specific limitation in the statute qualifies or extinguishes the substantive right. Such is the case in this suit. The statute of limitations involved here has been referred to as one of repose, the legislature having intended as a matter of public policy to bar any further action on the claim. The preamble to the Act of April 4, 1798, 3 Sm. L. 331, which is the early antecedent of the statute now in question, shows that it was intended to place an absolute limitation on suits against public officials. Section IV of the earlier act reads:

". . . whereas it is reasonable that persons entering into bonds or recognizances, as sureties for any public

officers, should be exonerated from their responsibility within a reasonable term after such officers respectively shall die, resign, or be removed from office . . ."

A recent expression of this policy of the legislature is contained in Commonwealth, for use, v. Perry et al., 330 Pa. 355. There was involved the limitation on a suit on a tax collector's bond, and the court said (p. 359) :

"The purpose of the Act was to place a reasonable limit on the liability of sureties on official bonds. Whether the statute be called one of limitation or one of repose, its effect is to require diligence on the part of the municipal authorities in pursuing their remedies. The language of the Act imposing the limitation is explicit, and stronger than that usually found in statutes of this sort."

The words of the present Act of June 10, 1897, P. L. 139, sec. 1, are clearly mandatory. They say that a suit against the surety "shall not be sustained, unless the same be instituted within five years . . ." It is a distinct qualification of the right that ever existed on a suit against a surety and a clear directive to a court. When our attention is called to it by a pleading in the nature of a demurrer, then it is the duty of the court to comply with the legislative requirement and "not sustain such a suit" if it is instituted after five years from the date of the bond or obligation. The language of this statute of limitations is stronger than section 315 of The Workmen's Compensation Act of June 2, 1915, P. L. 736, 77 PS §602; and is also stronger than the limitation of the Act of April 22, 1856, P. L. 532, 12 PS §83, limiting actions on the right of entry to enforce any implied or resulting trust as to realty; and is stronger than the limitation contained in section 514 of the Business Corporation Law of May 5, 1933, P. L. 364, 15 PS §2852-514, limiting actions against shareholders on wage claims, which acts have all been uniformly construed by courts as limitations

of repose which extinguish the right of action and therefore can be raised by demurrer: First Pool Gas Coal Co. v. Wheeler Run Coal Co. et al., 301 Pa. 485; Guy v. Stoecklein Baking Co. et al., 133 Pa. Superior Ct. 38; Reich v. Zeigler et al., 39 D. & C. 8.

In Commonwealth v. Clipsham,* 16 Pa. Superior Ct. 50, the court reviewed many of the acts which imposed a limitation on suits against sureties on constables' bond. The court held that these acts form a part of the contract, saying (p. 54):

". . . that the laws which subsist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of it just the same as if they were expressly referred to, or incor-

---

* If the violation by the constable had taken place the sixth year of his term there would have been involved exactly the same facts as were involved in Commonwealth v. Clipsham. Clipsham was elected for a term to begin April 1895, and expire April 1900. The bond was dated March 1895, and by the act then in force suits against sureties were required to be brought within three years, thus seemingly terminating liability March 1898. The default for which action was brought occurred in 1899. The court held, however, that the bond which had been entered exceeded the requirements of the statute and obligated the surety for the faithful performance of the constable "at all times during his continuance in office." The court then said (p. 54): "Having been voluntarily given for a lawful purpose, it may be enforced . . . even though it in form exceeds the requirements of the statute . . ." and held the surety answerable to the suit.

Questions have been frequently raised by reason of differences which seem always to have existed between the term of the constable and the statute of limitations on suits against sureties. For a period of time, prior to the Act of 1897, the liability of sureties on constables' bonds expired three years after the date of the bond, notwithstanding that the term of the constable's office had a period of two years longer to run. During the last two years of his term the constable was thus without surety (unless voluntarily extended as indicated in Commonwealth, to use, etc., v. Clipsham). It was held in Commonwealth, to use, v. White's Executors, 2 W. N. C. 321, that the increase of the term of office would not repeal expressly, or by implication, the statute of limitations which was held to bar the suit. To the same effect is Commonwealth, for use, v. Curtin et al., 6 Dist. R. 589, and Commonwealth ex rel. v. Geary et al., 7 Dist. R. 541.

porated, in its terms, embracing alike those which affect its validity, construction, discharge and enforcement."

The court then proceeds to say, at page 54, that when a bond incorporates the provisions of the statutes the sureties "would undoubtedly be relieved of liability under the authority of Commonwealth v. Rose's Executors, 33 Pa. 199."

In that case it was distinctly held that, under the Act of March 29, 1824, P. L. 171, sec. 4, which limited the time for the commencement of actions against the sureties on constables' bonds to three years, no action could be maintained unless brought within that period.

Plaintiff has also contended that, the constable's bond being under seal, the cause of action is not barred for 20 years. The answer to this contention is indicated in Commonwealth, for use, v. Perry et al., supra. In construing an official bond the court there said (p. 358):

"To hold that the Act of 1798 does not apply to 'bonds under seal' would be to make the provision nugatory for, by definition, there cannot be an official 'bond' which is not a sealed instrument."

Plaintiff's statement of claim shows clearly that the suit is on the bond. The cause of action arose approximately ten years before this suit was brought. It would do violence to the statute so to construe it as to necessitate an affirmative plea of the statute and ultimately a trial to accomplish that which can so readily be done in a summary proceeding. The public interest will be best served by allowing the statute to be raised by demurrer and thus terminating such suits promptly.

The questions of law were, therefore, sustained.