Commonwealth ex rel. Fenton Storage Co.,
Appellant, *v.* McClane, Admrx.

Argued October 6, 1943. Before KELLER, P. J., BALD-
RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and
RENO, JJ.

*Alexander Schamban,* for appellant.

*Simon Pearl,* with him *Joseph B. Quinn* and *Henry
Arronson,* for appellee.

OPINION BY HIRT, J., January 27, 1944:

In this action against Abram F. McClane, as surety on a constable's bond, the court entered judgment in favor of the representative of his estate (he having died after suit) on his affidavit of defense raising questions of law in lieu of demurrer.

These facts appear from plaintiff's statement of claim: Samuel B. Ashbrook was elected constable of the 46th Ward of the City of Philadelphia for a term of *six* years beginning January 1, 1932. On November 30, 1931, McClane signed a bond, in the sum of $1,000 in favor of the Commonwealth as surety conditioned upon the faithful performance, by the constable elect, of the duties of his office. Ashbrook as constable made a levy on household and other goods on warrant of plaintiff in a landlord's distraint proceeding during his term of office. On August 12, 1933, he, in violation of his official duty (*Mortgage B. & L. Assn. v. Vansciver*, 304 Pa. 408, 155 A. 920) refused to proceed with a sale of the property under levy. As a result of his default plaintiff sustained a loss which was reduced to judgment in an action against the constable in the Municipal Court of Philadelphia. Upon his failure to satisfy the judgment, this action was brought, but not until November 7, 1941.

Plaintiff's appeal is ruled by the Act of June 10, 1897, P. L. 139, 13 PS 81, which provides: "Suits against sureties in constables bond shall not be sustained unless the same be instituted within *five* years after the *date* of such bond or obligation." (Italics added.) The present action was brought about ten years after the date of the bond and eight years after the constable's breach of duty.

As early as the Act of April 4, 1798, 3 Smith's L. 33, §IV, the legislature adopted the policy of exonerating sureties of public officers within a reasonable time. That act made it *unlawful* for any person to maintain

an action on any bond against the surety of a public officer except within seven years after the cause of action accrued. There has been no change in the legislative policy of terminating the liability of a constable's surety, with finality, at the end of a stated period. The limitation in favor of sureties of constables was reduced to three years from the *date* of the bond by the Act of March 29, 1824, 8 Smith's L. 301, and increased to five years by the Act of 1897, supra. These acts are not general statutes of limitation which may be waived by a surety or revived by a new promise. They each supply a special statutory limitation qualifying a given right in the nature of a condition put by the law upon the right of action. Time is made the essence of the right created and there is no right of action except within the time limitation. *Guy v. Stoecklein Baking Co.,* 133 Pa. Superior Ct. 38, 1 A. 2d 839. The statute therefore need not be pleaded as a defense but may be taken advantage of on demurrer or the statutory equivalent. *First P. G. C. Co. v. Wheeler C. Co. et al.,* 301 Pa. 485, 152 A. 685.

At the time of the 1897 enactment a constable's term of office in Philadelphia was five years. Act of March 18, 1864, P. L. 60. The term was increased to six years by operation of the amendment to the constitution in 1909,[1] and has not been reduced since that amendment. The fact that the legislature was not alert to amend the Act of 1897 by increasing the period of limitation, making it at least co-extensive with the constable's term as extended by the amendment, is unimportant. The

---

[1] "In the case of officers elected by the people, all terms of office fixed by act of Assembly at an odd number of years shall each be lengthened one year, but the Legislature may change the length of the term, provided the terms for which such officers are elected shall be for an even number of years": Par. 2 of Schedule of Amendments of November 2, 1909.

failure of the legislature thus to prevent an unreasonable result in the operation of an existing statute as applied to changed conditions after its passage, cannot nullify its explicit language, in the absence of ambiguity in the statute as a whole.

The controlling question is not new. The bond in question cannot be construed to extend the right of action for five years beyond the term of office of the constable as appellant contends. The Act of 1824, contains language which is identical with that of the 1897 Act, and was construed in *Com. v. Rose's Executors*, 33 Pa. 199. There it was held: that "The limitation [of the Act] remains. Thus standing in full force, its application to sureties of constables is not to be doubted"; and, in effect, that no action could be maintained unless brought within three years (the limitation of the 1824 Act) from the *date* of the bond. Like language in the 1897 Act must be similarly construed. Under every rule of construction we are bound to conclude that the act means precisely what it says. Plaintiff's right of action terminated "five years after the date" of the bond. The suit on the bond, therefore, came too late and judgment was properly entered for defendant.

*Com. v. Clipsham*, 16 Pa. Superior Ct. 50, is clearly distinguished. The defendants there voluntarily bound themselves as sureties "during [the constable's] continuance in office." Inferentially it was held that but for the gratuitous undertaking by the sureties extending the period of their obligation the suit against them would have been barred. Moreover, the fact that the bond in question was under seal did not in itself extend the right of action beyond five years from the date of the bond. By long established definition a bond is a specialty or sealed instrument and the 1897 Act created a fixed limitation applicable to that class of specialty. *Com. for use, v. Perry*, 330 Pa. 355, 199 A. 204.

The broad problem of adequate protection against the

default of a constable and the appropriate remedy are for the legislature and not for the courts.

Judgment affirmed.