## Commonwealth ex rel. Hughes, Appellant, *v.* Maryland Casualty Company.

Argued March 27, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Leonard Orloff,* for appellant.

*Robert C. Kitchen,* with him *Richard A. Smith,* for appellee.

OPINION BY HIRT, J., July 20, 1950:

Oscar H. A. Newman was elected constable of the Thirtieth Ward in the City of Philadelphia for a term of six years beginning with January 7, 1942. He then qualified for office and his bond[1] in the sum of $1,000 with Maryland Casualty Company as surety bears that date. On January 21, 1946, during Newman's continuance in office, he was guilty of official misconduct. In arresting John Hughes, the present relator, he beat him with a blackjack and severely injured him. On January 7, 1948 Hughes brought suit against Newman to recover damages for injuries suffered by him in the assault. In the action Maryland Casualty Company, the surety on Newman's Bond, was joined with him as a defendant. Maryland Casualty Company filed preliminary objections to the plaintiff's complaint in that action on the ground of a misjoinder of causes of action. Thereafter counsel of record for Maryland Casualty Company entered into a stipulation with plaintiff's counsel to discontinue the action as to that company

---

[1] The relevant provisions of the bond are these: "THE CONDITION OF THE ABOVE OBLIGATION IS SUCH, That if the said Oscar H. A. Newman shall well and truly serve and execute all the process to him delivered to be executed, without delay and according to law, . . . and shall from time to time, and at all times during his continuance in said office of Constable, justly and faithfully execute the said office, and perform every thing the duty and trust in him reposed, then this obligation to be void, or else to remain in full force and virtue."

"without prejudice to the plaintiff to proceed against the other defendant, Oscar H. A. Newman, personally and on his bond, should the plaintiff secure a verdict in this case." On the trial of the case Hughes recovered a verdict against the constable in the sum of $1,000 and judgment was entered on the verdict on March 4, 1949. On April 18, 1949, a writ of fieri facias which had issued on the judgment was returned *nulla bona* by the sheriff of Philadelphia County. Hughes then brought the present action against the defendant bonding company to recover his damage as liquidated by his judgment against the constable, and filed his complaint in assumpsit on April 29, 1949. An answer was filed by the defendant to plaintiff's complaint and, on defendant's motion, the court after argument entered judgment on December 2, 1949, in favor of the defendant on the pleadings.

This action against the bonding company was brought more than seven years from the date of the bond. In entering judgment for the defendant the court concluded that the case was ruled by our decision in *Commonwealth ex rel. Fenton Storage Co. v. McClane, Admrx.,* 154 Pa. Superior Ct. 246, 35 A. 2d 745, giving effect to the prohibition of the Act of June 10, 1897, P.L. 139, 13 PS §81, which provides: "Suits against sureties on constable's bond shall not be sustained unless the same [shall] be instituted within five years after the date of such bond or obligation". On that ground alone recovery against the present surety was denied.

In general the limited time within which an action may be brought on a constable's bond is to be computed from its date and no action can be brought except within the period prescribed by statute. *Wilson v. The Commonwealth,* 7 W. & S. 181; *Commonwealth v. Rose's Executors,* 33 Pa. 199.

If the relator had not delayed bringing his suit against the constable until just under two years from the date when his cause of action accrued, he might have recovered judgment during the constable's term of office. Thereafter since the Maryland Casualty Company, like the surety in *Commonwealth v. Clipsham,* 16 Pa. Superior Ct. 50, bound itself "at all times during [the constable's] continuance" in office, the plaintiff could have proceeded on the bond against the defendant surety within *six* years from the date of the bond, i.e., "during his continuance in said office of Constable." In disposing of this appeal however, we will assume that Hughes is not prejudiced by his failure in the above respect.

What the legislature apparently has overlooked, in fixing the period within which suit may be brought on a constable's bond, is the principle of law that one does not have a right of action against a constable's surety until after he has used reasonable diligence to collect his damages from the principal by legal process. *Kirkpatrick v. White,* 29 Pa. 176. There may be a historical reason, in the Act of March 20, 1810, P.L. 208, 5 Sm. L. 161, §19, 13 PS §87, for the rule which denies the right of suing a constable and his bail in the same action but recognizes a right under similar circumstances, to sue a sheriff and his bail in one action. Cf. *Masser et al. v. Strickland,* 17 S. & R. 353; but in all of the cases involving actions on constables' bonds the holding of *Kirkpatrick v. White,* supra, has been followed which applied "to this kind of suretyship, the rule that applies to ordinary guaranties" requiring due diligence by one in an effort to collect from the constable before proceeding on his bail. Cf. *Hoffman v. Bechtel,* 52 Pa. 190.

The language of the 1897 Act is clear and unambiguous and (except as noted in the Clipsham case) is not subject to extension by any recognized rule of

statutory construction or otherwise. It was within the province of the legislature alone to prescribe the terms and conditions of a constable's bond or indeed to decide whether any bond should be required. As against sureties for public officers, in general, the Act of April 4, 1798, 3 Sm. L. 331, provides a right of action on any bond within *seven* years from the time when the *cause of action* accrued. Cf. *Commonwealth for use, v. Perry et al.,* 330 Pa. 355, 199 A. 204. There should be a reasonable time limit on the liability of sureties on all official bonds but there is no apparent reason for restricting an action on a constable's bond to five years from the *date* of the bond and allowing actions on other official bonds within seven years from the accrual of the right of action. An amendment to the 1897 Act would seem to be indicated for the protection of those who though injured may be barred by the time limitation of that Act. The legislature has had notice of the problem at least since the disposition of the appeal of *Commonwealth v. Rose's Executors,* supra, in 1859. We are powerless to amend the statute. "Where a statute fixes the time within which an act must be done, . . . courts have no power to extend it, or to allow the act to be done at a later day, as a matter of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act nunc pro tunc": *Schrenkeisen v. Kishbaugh,* 162 Pa. 45, 48, 29 A. 284. The problem remains with the legislature.

The stipulation entered into by Maryland Casualty Company with the relator in his suit against the constable, discontinuing the action as to the surety company, cannot change the result in the present case. The provision of the stipulation saving the right in the present relator to proceed on the bond, "without prejudice" was not an assumption of liability by the defendant beyond that imposed by law on the obligation

of the bond. The 1897 Act is not a general statute of. limitation which may be waived by a surety. It supplies a special statutory limitation in the nature of a condition put upon the right of action and qualifying the right. There was no right of action against the surety, except within the time limitation. *Fenton Storage Co. v. McClane, Admrx.,* supra. The stipulation did not effect any change in the legal relationship between relator and the defendant surety. Maryland Casualty Company was still in position to defend this action on the technical ground that the suit is barred by the time limitation of the 1897 Act.

The relator has been harshly treated by the operation of the law as applied to the facts of this case but we are powerless to grant relief.

Judgment affirmed.