## Swartz et ux. v. Great American
## Insurance Company

*Richard J. Budding* and *Paul N. Yost*, for plaintiffs.
*Edwin M. Buchen* and *Douglas D. Storey*, for defendant.

ANDERSON, J., August 27, 1951.—In this proceeding plaintiffs have instituted suit against defendant for a fire loss in the amount of $3,500 as a result of the destruction by fire of plaintiffs' dwelling and contents on February 3, 1950, which were insured by defendant company against loss by fire. The pleadings show that the fire occurred on February 3, 1950, and suit was instituted on February 9, 1951. Defendant by preliminary objections raises two points which are now before the court for determination as follows:

1. Plaintiffs failed to attach to the complaint a copy of the policy of fire insurance as required by Rule 1019(*h*) of the Pennsylvania Rules of Civil Procedure.

2. Defendant demurs to the complaint and moves for judgment because the policy of insurance which forms the basis of the suit, in lines 157 to 161, contains as required by section 522(3) of the Insurance Company Law of May 17, 1921, P. L. 682, as amended, the following provision, "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after the inception of the loss", and the complaint shows very clearly that the action was not commenced within 12 months next after the inception of the loss.

Plaintiffs admit that defendants' first objection is well taken and agree to attach a copy of the policy, which is all that defendant is entitled to or apparently seeking. So far as this objection is concerned an amendment is in order and will be allowed by the court: Inter-communication System of America v. Ferguson, 61 D. & C. 643.

Since the policy is not attached the second objection might seem to be premature but counsel agree that the policy does contain the exact language quoted by defendant in the preliminary objections and to avoid delay and unnecessary bites of the cherry, this objection will be disposed of at this time, the question having been thoroughly argued orally and in extended briefs.

Plaintiffs argue that this objection is an attempt to plead the statute of limitations and that under rule 1030 the statute of limitations is an affirmative defense and may only be raised in a responsive pleading and not under preliminary objections. There is no question that rule 1030 requires the statute of limitations to be so pleaded. In fact this has long been the law even before the procedural rules or the Practice Act of 1915.

"The statute of limitations is a defense upon facts, and must be pleaded. It cannot be made by demurrer which raises only an issue of law": Barclay v. Barclay, 206 Pa. 307 (1903).

However, there is a sharp distinction between general statutes of limitations and statutes which qualify the substantive rights of parties by a time limitation within which to enforce the right. It is also submitted by defendant that the policy constitutes a voluntary contract between insured and insurer and since the insurer stipulates that it will perform only if action is brought within a certain time, this requirement becomes a condition precedent and consequently the insurer may attack insured's complaint by demurrer if the complaint is silent as to compliance with this requirement. White v. Seaboard Mutual Casualty Co., 73 D. & C. 15, is accepted authority for this general proposition. However, the real question here to be decided is whether the clause limiting the time of bringing suit in the policy as required by the statute is to be construed as a statute of limitation which must be affirmatively pleaded or whether it is a limitation which qualifies the granting of a substantive right by conditioning the time within which the action to enforce it may be maintained. If it is such a substantive right then time is made the essence of the right created and the limitation is an inherent part of the statute under which the right arises so that there can be no right of action whatever independent of the limitation. In this event a demurrer will lie: Reich v. Zeigler et ux., 39 D. & C. 8. Of such a nature is the limitation of one year in the Workmen's Compensation Acts, the limitation in the act governing constables' bonds and action thereon against the sureties, and the limitation in the Business Corporation Law governing the time within which certain actions must be instituted in order to recover from the shareholders. In a case involving a

suit on a constable's bond we find this clear-cut statement:

"The words of the present Act of June 10, 1897, P. L. 139, sec. 1, are clearly mandatory. They say that a suit against the surety 'shall not be sustained, unless the same be instituted within five years . . .' It is a distinct qualification of the right that ever existed on a suit against a surety and a clear directive to a court. When our attention is called to it by a pleading in the nature of a demurrer, then it is the duty of the court to comply with the legislative requirement and 'not sustain such a suit' if it is instituted after five years from the date of the bond or obligation. The language of this statute of limitations is stronger than section 315 of The Workmen's Compensation Act of June 2, 1915, P. L. 736, 77 PS §602; and is also stronger than the limitation of the Act of April 22, 1856, P. L. 532, 12 PS §83, limiting actions on the right of entry to enforce any implied or resulting trust as to realty; and is stronger than the limitation contained in section 514 of the Business Corporation Law of May 5, 1933, P. L. 364, 15 PS §2852-514, limiting actions against shareholders on wage claims, which acts have all been uniformly construed by courts as limitations of repose which extinguish the right of action and therefore can be raised by demurrer: First Pool Gas Coal Co. v. Wheeler Run Coal Co. et al., 301 Pa. 485; Guy v. Stoecklein Baking Co. et al., 133 Pa. Superior Ct. 38; Reich v. Zeigler et al., 39 D. & C. 8." Com. ex rel. v. McClane, 47 D. & C. 604.

On appeal to the Superior Court the judgment in that case was affirmed in the following language:

"These acts are not general statutes of limitation which may be waived by a surety or revived by a new promise. They each supply a special statutory limitation qualifying a given right in the nature of a condition put by the law upon the right of action. Time is

made the essence of the right created and there is no right of action except within the time limitation. Guy v. Stoecklein Baking Co., 133 Pa. Superior Ct. 38, 1 A. 2d 839. The statute therefore need not be pleaded as a defense but may be taken advantage of on demurrer or the statutory equivalent": Com. ex rel. v. McClane, 154 Pa. Superior Ct. 246. See also Ambers v. Girando, 69 D. & C. 15. In interpreting a very similar provision in a fire insurance policy to this effect "no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity . . . unless commenced within twelve months next after the fire, storm or lightning causing the loss for which claim is made" the Superior Court stated: "The provision of the policy above quoted is not ambiguous or uncertain . . . It means just what it says . . . It is too plain for misunderstanding or disagreement . . . The period is not unreasonable; it is lawful for the parties so to contract and such a provision is binding on them": Abolin v. Farmers American M. F. I. Co., 100 Pa. Superior Ct. 433. See also Collins v. Home Ins. Co., 110 Pa. Superior Ct. 72. While some cases on this question indicate that such a provision in a policy may be waived by the insurance company yet it seems clear, even if that could be done in the instant case under the precise terms of the policy, which is indeed doubtful, that such waiver should be set out in the complaint. In an analogous situation which arose in Lehigh County on a fire insurance policy it was held that an action commenced after the expiration of a contractual period of limitations without showing any facts which would, if proved, extend that period, is barred: Schaffer v. Fire Ins. Co., 20 Lehigh 173. Demurrers were also sustained in similar situations based on the time limitation in a fire insurance policy in Brosha v. Lititz Mutual Insurance Co., 76 D. & C. 349, and Brosha v. Penn Township

Mutual F. Ins. Co., December term, 1946, nos. 420 and 421, Court of Common Pleas of Lycoming County (not reported to date) in recent opinions (February 23, 1951) by that court. It is therefore manifestly apparent that the provision in the policy in question is not a general statute of limitation which must be pleaded affirmatively but objection thereto may properly be raised by demurrer in preliminary objections. We therefore sustain defendant's first objection with the right to amend, which is purely academic since defendant's second objection must be sustained and judgment entered for defendant and therefore the following order is entered:

And now, to wit, August 27, 1951, defendant's preliminary objection no. 2, in the nature of a demurrer, is sustained and judgment directed to be entered in favor of defendant, Great American Insurance Company, and against plaintiffs, Russell E. and Caroline L. Swartz, with costs of suit.